ROLAND SMITH *v.* STATE OF MARYLAND.
[No. 52, October Term, 1935.]

*Decided January 15th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*James A. McAllister,* submitting on brief, for the appellant.

*William L. Henderson, Assistant Attorney General,* with whom were *Herbert R. O'Conor, Attorney General,* and *J. Gorman Hill, State's Attorney for Dorchester County,* on the brief, for the State.

PARKE, J., delivered the opinion of the Court.

The traverser has appealed from a sentence imposed upon him after conviction of the crime of bastardy. His appeal is based, first, upon a denial of jurisdiction in the *nisi prius* court; and, secondly, upon alleged error in the refusal to withdraw a juror and declare a mistrial because of the prejudicial effect of a remark in the argument of the case to the jury; and, thirdly, upon the legal sufficiency of the evidence to convict. The third assignment of error cannot be entertained in a criminal case,

because the Constitution of Maryland makes the jury the sole judge of the law and the facts. Declaration of Rights, art. 21. *Simmons v. State,* 165 Md. 155, 176, 167 A. 60, and cases there cited.

The argument is made that, because there was no preliminary proceeding before a justice of the peace as provided by statute since the passage of the Act of 1912, ch. 163 (Code, art. 12, secs. 1-5), jurisdiction of the offense could not be obtained by indictment in the circuit court for the county in which the crime alleged was committed. The question raised was decided recently in *Kelly v. State,* 151 Md. 87, 91, 133 A. 899, where it was held that the requirement of the preliminary proceeding prescribed was directory and not mandatory, and therefore a failure to comply did not deprive the court of jurisdiction. *O'Brien v. State,* 126 Md. 270, 276-281, 94 A. 1034.

The state's attorney, in the course of his argument to the jury, turned, and, pointing to the traverser, said: "This prosecuting witness has testified that this defendant is the father of her child, and this defendant has sat here all during the trial and has not denied his fatherhood."

There can be no question of the impropriety of this remark, as it was susceptible of the inference by the jury that they were to consider the silence of the traverser in the face of the accusation of the prosecuting witness as an indication of his guilt. The constitutional provision (Declaration of Rights, art. 22) is "that no man ought to be compelled to give evidence against himself in a criminal case," but the statutory law enlarges his privilege by declaring: "In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes and offenses * * * the person so charged shall at his own request, but not otherwise, be deemed a competent witness; but the neglect or refusal of any such person to testify shall not create any presumption against him." Code, art. 35, sec. 4; *Brashears v. State,* 58 Md. 563, 567; *Henze v. State,* 154 Md. 332, 345, 346, 140 A. 218.

But error, without prejudice, is not sufficient for reversal. As soon as the statement was made, an objection was noted, and a motion was made by the traverser that a juror be withdrawn and a mistrial be declared. The court immediately heard counsel and denied the motion, but did it upon the ground that no prejudice had resulted, and fully, correctly, and impressively advised the jurors of the privilege of the accused not to testify and that they were not at liberty to entertain or make any presumption against the traverser from his neglect or refusal to testify, nor did the state's attorney have the right to make any comment or argument that would be unfavorable to the accused because he had not gone on the witness stand. The court further instructed the state's attorney that he should not make any further allusion to the matter.

The error was followed so closely by its adequate correction at the hands of the court that the minds of the jurors could not have been prejudiced against the accused by the remark. The corrective method employed by the court had the tendency, in point of fact, to cause, under the circumstances stated, a reaction in favor of the traverser, because of the emphasis given to the duty of the jurors not to entertain any presumption against the accused because of his absence from the stand. The statement from the bench was particularly helpful to the traverser, since no witness was offered by the defense, and his reliance was upon the presumption of his innocence. Finding no adequate basis for the conclusion that the jurors were misled or influenced to the prejudice of the accused by the improper comment, the *nisi prius* court was not justified in granting a mistrial. *Dick v. State,* 107 Md. 11, 19, 20, 68 A. 286, 576; *Rasin v. State,* 153 Md. 431, 442, 138 A. 338; *Callan v. State,* 156 Md. 459, 468, 144 A. 350; *Toomer v. State,* 112 Md. 285, 293, 76 A. 118.

*Judgment affirmed, with costs to the appellee.*