211 P.2d 460

STATE v. DEEN.

No. 996.

Supreme Court of Arizona.

Nov. 21, 1949.

Robert R. Weaver and Darrell R. Parker, of Phoenix, attorneys for appellant.

Fred O. Wilson, Attorney General, Chas. Rogers, Assistant Attorney General, Maurice Barth, Assistant Attorney General, attorneys for appellee.

STANFORD, Justice.

Appellant was informed against by the county attorney of Maricopa county for statutory rape of his daughter. For the protection of the daughter's name we will term her as the prosecutrix. We will also term the appellant, the defendant, and the State of Arizona, the state.

The prosecutrix was at the time of the alleged offense fifteen years of age. The information stated the offense was committed on July 15, 1948.

The mother of the prosecutrix died when she was a small child and for many years she had resided with her father. The prosecutrix testified at the trial that the first act of sexual intercourse took place on Febuary 16, 1948, and between that date and July 15, of that year, she and her father had sexual intercourse from one to three times a week. She made no complaint until July 23 when she complained to Joe James, a member of the Phoenix police department, and his wife Audrey James.

Prosecutrix testified that her failure to make an earlier complaint was because her father had threatened to do her injury in event she should tell anyone.

The state presented two witnesses, the prosecutrix and the county medical examiner, Dr. O. C. West testified that he examined the prosecutrix on the afternoon of July 23rd; that in making a vaginal examination he discovered that the vaginal canal was relaxed. He testified that there were no contusions or bruises and that the hymen of the prosecutrix had been ruptured a considerable time previously.

The prosecutrix testified she had never had sexual intercourse with any other person than her father. The defendant not only denied the accusation, but offered proof that motive for making the false charge was that the daughter had rebelled

at his discipline and especially in connection with playing hooky and going to places socially which were disapproved of by the father.

A verdict of guilty was returned by the jury. From said verdict, and from the order of the court denying a motion for new trial, and the sentence and judgment, the defendant has brought his appeal to this court.

Defendant cites as assignments of error committed by the trial court the following:

"I. The trial court erred in sustaining the State's objection to the following offer of proof for the reason that the appellant was thereby precluded from explaining the physical condition testified to by the witness Dr. O. C. West, and precluded from refuting the testimony of the prosecutrix that she had never had sexual intercourse with anyone except appellant, consistently with the innocence of the appellant, viz:

" 'Mr. Weaver: I make an offer of proof. I offer to prove by the witness on the stand now, that is, Mrs. Josephine Walker that she has seen young men and one particular young man many times go into the home of Hassen Deen during his absence. And that she has upon a number of occasions seen him leave there hurriedly when someone would be coming, and once when Hassen Deen was returning home, sticking the top of his shirt into his trousers, with his shoes unlaced. I offer to make the same proof by her husband William Walker.

I offer to prove by Bonnie Price that Rema told Bonnie Price that Rema's Policeman friend, Joe James, was sure a hot kisser. I offer to prove by Tony Silvio that they had the girl in their home and she made advances to the young men in his home. He had to send her back to the Convent. He would not be responsible for her.

" 'Mr. Renaud: In that respect might I add in the record it is true, Mr. Weaver, that the accusations of Silvio were subsequent to the filing of this charge.

" 'Mr. Weaver: Yes, I made that—in regard to Mr. Silvio and the Price girl which occurred subsequent to this charge —as a separate offer of proof. And then I offer to prove by a Mrs. Schack, Alice Schack and Alma Allen and Charley Allen that they have seen the young men immediately next door to them make signals to the girl and she would come over there, and in a room right next to their home and would sit on the couch with her arms around each other, hugging and kissing. And that on those occasions usually they would get in a car and drive out somewhere. I believe that is all.

" 'Mr. Renaud: I object to the matters which have been indicated as matters which would be brought by the counsel for the defendant as all being incompetent, irrelevant and immaterial, having no probative value either as to the chastity, the character or as to the credulity of the story of the prosecutrix, to wit, Rema Deen.

" 'The Court: The objection will be sustained.

"II. That the trial court erred to the prejudice of the appellant in sustaining the State's objection to the offer of proof set forth in Assignment of Error No. I for the reason that the appellant was thereby precluded from showing a possible motive on the part of the prosecutrix for bringing a false charge against him.

"III. The trial court erred to the prejudice of the appellant in denying the following offer of proof for the reason that the evidence offered had a tendency to show motive on the part of prosecutrix for bringing a false charge against her father in order to.be rid of parental discipline:

" 'I offer to prove by Tony Silvio that they had the girl in their home and she made advances to the young men in their home. He had to send her back to the Convent. He would not be responsible for her.'

"IV. Having permitted the State to prove a physical condition on the part of prosecutrix consistent with past sexual experience, and to prove by the testimony of the prosecutrix that she had not had sexual intercourse with any person except her father, and having sustained the objection to the appellant's offer of proof tending to show unchaste relations with other persons, the trial court committed prejudicial error in permitting the Deputy County Attorney in his final argument to the jury to base an argument upon the testimony that prosecutrix had had no sex relations with any person other than appellant, viz:

" '(The cause was argued to the jury by respective counsel, and during the State's final argument to the jury the following objection was made by Mr. Weaver:)

" 'Mr. Weaver: Just a minute. That testimony was ruled out by this Court. Counsel has no right to make capital of that type of testimony.

" 'Mr. Renaud: The question I asked was, have you had sexual relations with any other person and she said "No." That is what I was referring to.

" 'The Court: Go ahead. The jury will remember what the evidence was.' "

After the testimony of the doctor had been given the county attorney recalled the prosecutrix to the witness stand and asked her the following question: "Q Rema, have you ever had sexual relations with any other person other than your father? A No, I haven't."

44 Am.Jur., Rape, Sec. 91, on the subject of "In Prosecutions for Statutory Rape" reads:

"Since consent is not an issue in a prosecution for statutory rape, it is a general rule that evidence of prior intercourse of the prosecutrix with men other than the accused, or that her reputation for chastity is bad, is immaterial and inadmissible when offered as an excuse or justification. Ac-

cording to the prevailing view, the prosecuting witness cannot be cross-examined as to prior acts of sexual immorality or levity of conduct on her part, except under certain circumstances hereinafter noted.

"By reason of evidence introduced by the prosecution, evidence of prior intercourse or unchastity of the prosecutrix may become admissible; for instance, where the prosecution proves by physicians that the prosecutrix has had sexual intercourse, it is held that the defendant may introduce evidence of prior unchastity for the purpose of rebutting the inference against him. * * *"

In support of the rule set forth in 44 Am. Jur., supra, defendant has cited to us numerous cases from different states on this subject including Fuller v. State, 23 Ariz. 489, 205 P. 324.

■ We hold that testimony showing the conduct of this prosecutrix with other men was admissible to account for the physical condition of prosecutrix which the doctor testified to, and which was introduced for the purpose of corroboration, and to which she attributed solely to her father. The rejected offer of proof was not submitted solely for the purpose of rebutting the credibility of the prosecutrix, but primarily to prove that her physical condition, similar to that found in a female with sex experience, could have been occasioned by intercourse with others.

From the case of State v. Haynes, 116 Or. 635, 242 P. 603, 604, being a case of statutory rape, we quote:

"* * * It seems from the record that, in order to corroborate the statement of the prosecutrix as to the commission of the offense, the state produced as a witness a physician, who testified to a physical examination made of the prosecutrix some days after the act charged in the indictment was committed, whereby it was revealed that she had had sexual intercourse with some person. Of course, if this was unexplained, it would be taken by the jury as supporting her statement of sexual connection with the defendant. However, if he could, he was entitled to show in rebuttal of this testimony that she had had sexual intercourse prior to that date with another than himself, and thus possibly account, consistently with his innocence, for the physical condition disclosed by the testimony of the physician;* * *."

In the case of State v. Newburn, 178 Or. 238, 166 P.2d 470, which is also a case of statutory rape, the court said:

"* * * We agree with appellant that when the state thus undertakes to corroborate the statement of the prosecutrix that defendant had sexual intercourse with her, he has the right to rebut any unfavorable inference arising from such evidence by showing that the ruptured hymen may have been caused as a result of sexual intercourse with some other person.* * *"

An offer of proof was made by the defendant to show that there was bitterness between them which had been created as a result of the father's correction of his daughter in attempting to keep her in school and out of bad company. The offer of proof as contended by the defendant was admissible in order that the jury might determine the evil motives of the daughter, if any, in testifying as she did. In that respect reversible error was also committed.

Prejudicial error having been committed herein, the case is reversed and remanded for a new trial.

LA PRADE, C. J., and UDALL, PHELPS, and DE CONCINI, JJ., concurring.