242 P.2d 551

## STATE v. DECKTER.
### No. 1022.

Supreme Court of Arizona.
March 31, 1952.

428

Cusick, Watkins & Frey, of Tucson, for appellant.

Fred O. Wilson, Atty. Gen., Phil J. Munch, Asst. Atty. Gen., for appellee.

PHELPS, Justice.

Defendant, appellant herein, was charged by two separate informations in Pima County with the crime of "wagering other than pari-mutuel" under the provisions of section 73–1618, A.C.A.1939, relating to horse and dog racing. The specific charge being that defendant had "engaged in bookmaking and/or wagering and/or betting upon the results of a horse race" in violation of the above statute. The two causes of action were consolidated and upon trial duly had, a verdict of guilty was had in each case. From the verdicts and sentences rendered thereon by the court defendant appeals.

Section 73–1618, supra, reads as follows: "Any person within the enclosure of a racing meeting held pursuant to the provisions of this act (§§ 73–1609—73–1620) may wager on the result of a race held at such

meeting by contributing his money to a pari-mutuel pool operated by the permittee as provided by this act. Such wagering shall not be unlawful, but a permittee shall not knowingly permit any minor to be a patron of the pari-mutuel system of wagering. All forms of wagering or betting on the results of a race, except as provided by this act, whether conducted in this state or elsewhere, shall be illegal. Any person directly or indirectly involved in bookmaking or in wagering or betting other than by the pari-mutuel system of wagering shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1000.-00), or by imprisonment for a period of not more than six (6) months, or by both such fine and imprisonment."

■ Defendant has attempted to appeal from various rulings and orders of the court as well as from the judgment. An appeal by defendant lies only from the judgment of conviction or from a sentence on the ground that it is excessive. Section 44–2506, A.C.A.1939. This court, however, is required under the provisions of section 44–2535 to " * * * review all rulings and orders appearing in the appeal papers in so far as it is necessary to do so in order to pass upon the grounds of appeal. * * "

Defendant has presented six assignments of error for our consideration which we will take up in the order presented. Assignments of error Nos. 1 and 2 are based upon the admission of the testimony of the witness Roth over defendant's objection and upon the court's refusal to strike the same on motion of defendant upon the ground that it constitutes hearsay. The witness was allowed by the court to refer to the Daily Racing Form published and copyrighted by the Triangle Publications covering races in various parts of the country, for the purpose of showing that the horses upon which defendant is alleged to have accepted a wager were entered in certain races at Belmont race track in New York on the dates upon which the wagers were alleged to have been accepted by defendant.

■ We concede that the publications received in evidence are hearsay and if material, their admission would have constituted reversible error but we are of the view that the ruling in the case of State v. Pelosi, 68 Ariz. 51, 199 P.2d 125, has settled the question, for the reason that we held in that case it was immaterial whether the horses ran in those races on those dates. As was said in substance in the Pelosi case the offense is complete when the wager is accepted. It was, therefore, not necessary to introduce evidence on the question of whether the horses actually ran on those dates. The testimony of the witness Roth was not material and therefore not prejudicial. The amendment of the racing act since the Pelosi case was decided has not affected the rule laid down in that case. There is, likewise, no merit to assignments

430

of error Nos. 3 and 4 for the reasons stated above.

■ Assignment of error No. 5 is based upon the court's refusal of Instruction No. 2 requested by defendant which consists of a definition of a horse race to be one in which the horses are mounted by jockeys, and the further instruction that if the jury did not find beyond a reasonable doubt that the horses named in the information were mounted by jockeys they should find the defendant not guilty. If it is not necessary to prove that the race was actually run it follows that it was not necessary to prove that the horses were mounted by jockeys.

■■ It is urged under assignment of error No. 6 that the statement of the county attorney in his argument to the jury that "he lives off of you and me by violating the law" constituted prejudicial error and that the court erred in not granting defendant's motion for a mistrial. We do not agree with this contention. Juries are made up of citizens of average intelligence and they are therefore entitled to be credited with the same normal reactions to what they see and hear as would be expected of the average citizen of average intelligence. See Citizens Utilities Co. v. Firemen's Ins. Co., Ariz., 240 P.2d 869. The county attorney did not call to their attention anything so shocking as to arouse their passions or prejudices as was done in the case of Burrows v. State, 38 Ariz. 99, 297 P. 1029, cited by defendant. It is certainly true that one who makes his living by accepting wagers on horse races is not contributing anything to the wealth of the community, state or nation. Whatever he acquires, therefore, necessarily comes from the labor of others. We believe the remarks of the county attorney, though not necessary, fall within the latitude allowed counsel in arguments to a jury in commenting upon such inferences as may be reasonably drawn from the facts of the case. We find no prejudicial error in the record.

Judgment affirmed.

UDALL, C. J., and STANFORD, DE CONCINI, and LA PRADE, JJ., concurring.