245 P.2d 278

**STATE v. McLAIN.**
No. 1021.

Supreme Court of Arizona.
June 2, 1952.

Richey & Herring, Douglas and Tucson; for appellant.

Fred O. Wilson, Atty. Gen., Wesley E. Polley, Bisbee, County Atty. of Cochise County, for appellee.

DE CONCINI, Justice.

Bruce McLain, appellant herein and defendant below, was accused of the crime of statutory rape committed on Maria, a

girl of 12 years of age. The lower court instructed the jury that they could return one of four possible verdicts, viz., (1) Statutory Rape, (2) Assault with Intent to Commit Rape, (3) Contributing to the Delinquency of a Minor, (4) Not Guilty. The jury returned a verdict against the defendant and found him to be guilty of the crime of Assault with Intent to Commit Rape. The defendant appeals to this court from the judgment and from the sentence of the lower court.

Defendant assigns 14 errors, many containing subassignments and 35 propositions of law upon which he relies.

The facts are that the defendant McLain was employed as a teacher in the Rucker Canyon School near Bisbee, Arizona. A teacherage by the school was provided as living quarters for him and his wife and two year old son. At the time of the alleged incident, the defendant's wife and son were out of the state visiting with relatives and the defendant remained at the teacherage alone. The prosecutrix was one of his eight students; the other seven were boys. During a dance which followed a school play, the defendant is alleged to have raped Maria. His testimony was to the effect that he only manipulated Maria's private parts and that she manipulated his which caused him to have an emission. The testimony of Maria is that he raped her while she was in his Chevrolet truck.

Assignments 1 to 5 deal with evidentiary matters.

Defendant's first assignment of error deals with the testimony of Mayola Vail, one of the state's witnesses. She related the exact words of the prosecutrix which were spoken soon after the alleged event. The words were, "He screwed me". The defendant strenuously objected contending that the words were hearsay and not part of the res gestae. The lower court however overruled the objection and the exact words were then repeated by Mrs. Vail. In this assignment of error we have what is commonly called an excited utterance, or a spontaneous exclamation to which the term of "res gestae" is sometimes applied. An excited utterance to come within the exception of the hearsay rule must have three requisites:

1. There must be a startling event.

2. The words spoken must be spoken soon after the event so as not to give the person speaking the words a time to fabricate.

3. The words spoken must relate to the startling event.

Wigmore, Sec. 1750, Vol. 6, p. 142. In this case, all the elements are present and therefore its admissiblity is unquestioned. Defendant however contends that because the utterance was forced out, by the continual prodding of Mrs. Vail when she asked Maria, "you *must* tell us what happened", and since some time elapsed after the alleged event occurred, the utterance should have been inadmissible. Considering the prosecutrix's age and the excitement under

the circumstances, it is not unreasonable that Mrs. Vail would ask Maria what had happened. The time involved here was of no greater length than that in Soto v. Territory, 12 Ariz. 36, 94 P. 1104, where this court held that even after one and a half hours, statements of a four year old boy to his mother were admissible as coming within the realm of a spontaneous exclamation.

Defendant's second and third assignments of error challenge the ruling of the lower court in refusing the defendant the right to cross-examine Maria on her previous acts of sexual intercourse when on direct examination she testified that she had had previous sex relationships. The general rule in statutory rape cases is that evidence of previous sexual acts on the part of the prosecutrix are not admissible. Sage v. State, 22 Ariz. 151, 195 P. 533. The exception to the general rule is where the prosecutrix testifies that the defendant is the only person who has had sexual intercourse with her. The defendant then is permitted to show that other persons have had carnal knowledge with the prosecutrix to prove that her condition might have been occasioned by intercourse with others and to rebut the credibility of the prosecutrix. State v. Deen, 69 Ariz. 188, 211 P.2d 460. This case does not come within the stated exception because the prosecutrix at no time during the trial accused the defendant as being the only person who had engaged in sexual intercourse with her

Defendant's fourth assignment of error is based on the refusal of the lower court to allow him to cross-examine Maria about "stud horse", an alleged sex game played by the children in the school yards. Defendant, by his cross-examination, wanted to prove that she had had intercourse by having played the game. She denied playing the game but not of previously having had sexual intercourse. Therefore it was immaterial. A refusal of permission to cross-examine on an immaterial issue is not reversible error.

Defendant's fifth assignment of error deals with the admission of certain pornographic pictures which were introduced by the state. Defendant's position is that such pictures were highly prejudicial to him and that the proper foundation was not laid in introducing them. In People v. Scott, 24 Cal.App. 440, 141 P. 945, 949, the California court held that such pictures were admissible in evidence and said:

"* * * Any act or declaration of defendant tending to show a desire or purpose on his part to have illicit relations with the prosecutrix or any solicitation or representation made by him to excite a similar desire on the part of his victim, or to overcome her natural aversion to wantonness, would be relevantly and clearly connected with the crime and therefore admissible."

See also People v. Bose, 28 Cal.App. 743, 153 P. 965.

As to the proper foundation being laid by the state, we think that there was sufficient evidence in this case to connect the pictures with the defendant. They were found by the sheriff at the teacherage and initialed by him, and when Maria was shown the pictures by the county attorney she testified that these were the same pictures that the defendant had shown her.

Assignments of error 6 and 7 go to the court's refusal to dismiss the charge against defendant at the close of the state's case. Defendant relies on the contradictory statements of the state's witnesses and concludes that the testimony of the prosecutrix was unworthy of belief. We think the trial court was correct in its order, considering the age of the prosecutrix and the nature of the act she testified the defendant committed. Defendant's counsel in his opening statement admitted that the defendant was guilty of some criminal act but not that of rape. Therefore the court was justified in not dismissing the charge at that point. Furthermore there is no room to complain because defendant was not found guilty of the crime of rape but was found guilty of a lesser crime, which was justified in view of his own testimony which will be mentioned later herein. Moore v. State, 55 Ariz. 43, 97 P.2d 925.

Defendant's assignments 8, 9, and part of 13, are to the effect that the state failed to prove the corpus delicti of the crime of assault with intent to commit rape. Defendant argues and cites cases on the theory that when one is charged with an offense it is not error for the trial court to refuse to instruct the jury that it could find defendant guilty of a lesser or included offense. McDaniels v. State, 62 Ariz. 339, 158 P.2d 151. However that is not authority for the converse, that it would be error to instruct the jury on an included or lesser offense and give the jury an opportunity to bring in a verdict on a lesser offense. Defendant contends, because the state did not prove rape against him it therefore failed to prove the crime of assault with intent to commit rape because the testimony of the prosecutrix was unworthy of belief. Having already decided the lower court was correct in not dismissing the charge against defendant at the close of the state's case it then becomes necessary to consider all of the evidence in the case. Assuming that defendant is correct in that the state failed to prove the crime of rape, yet the defendant's own testimony that he penetrated her private parts with his hand and that he had a "somewhat" desire to engage in the sexual act and actually had an emission when he was so engaged, together with other evidence of his actions toward this 12 year old girl, make it seem all too clear that the assault with intent to rape took place and the corpus of the crime was established. In State v. Brady, 66 Ariz. 365, 189 P.2d 198, this court held it was not error to instruct on assault with intent to commit rape in a case where the defendant is charged with rape. In Callaghan v. State,

138

17 Ariz, 529, 155 P. 308, 310 regarding intent this court said:

"If sexual intercourse is attempted with a female under 18 years of age, no matter whether it be with her consent or without it, the felonious intent is present on the part of the male. If such an attempt is accompanied by some act 'that can be fairly, according to human experience, characterized as having an immediate relation to and preparation or the bringing about of a condition under which intercourse could be accomplished,' it is an assault with intent to commit rape. The felonious intent existing, there may not be a touching of the person of the female."

We cannot agree with the defendant that the latter two cases are distinguishable from this case on the ground that there was an attempt in those cases and none here. The defendant's testimony of his acts clearly show his intent unless he was a sex pervert of some sort, which he loudly disclaims.

■ Defendant's tenth assignment of error assails seven instructions given by the trial court to the jury. We think that only three of these are worthy of comment. The state's requested instruction No. 6 was given by the trial court to which the defendant takes exception and is one dealing with defendant's flight immediately after the alleged incident. The instruction was to the effect that the flight of a person immediately after the commission of a crime with which he is charged is a circumstance to be weighed by the jury as tending in some degree to prove defendant's guilt. The court further said that the flight itself was not enough to establish the guilt of the defendant. Defendant contends that this instruction is erroneous because the corpus delicti of the crime was not proven. Since we have already ruled on that matter and have decided that the crime of which defendant was convicted, was proven, the only thing remaining to be decided is whether or not that instruction is correct. In State v. Guerrero, 58 Ariz. 421, 120 P.2d 798, 800, this court had before it a somewhat similar proposition. It said that:

"The flight of concealment of accused raises no presumption of law that he is guilty; but it is admissible in evidence as a fact which may be considered by the jury, and from which they may draw an inference, in connection with other circumstances and in the absence of an explanation of the reasons or motives which prompted it, that he is guilty; * * *."

■ State's requested instruction No. 7 was given to the jury and is attacked by defendant as being contrary to defendant's instruction No. 12 which the court also gave and also because the instruction was not marked "given" by the trial judge. We see no merit to appellant's contention because both instructions are correct as they relate to defendant's character and the

effect that the jury should give character evidence. The mere fact that the court did not mark the instruction to signify whether it was given or refused is harmless error.

Defendant's 11th assignment of error points out that two of his instructions were refused and not given to the jury and that such refusal prejudiced his rights. Looking at the court's instructions in the transcript of record we find that both instructions were covered by the trial judge in his instructions to the jury. Although they were not couched in defendant's language, the court did give substantially the same instructions even though the phraseology was different.

Defendant's 12th assignment of error and part of his 13th deal with the refusal of the trial court to declare a mistrial due to prejudicial misconduct of the county attorney in his closing argument both by his exhibition and his words. Attorneys are given wide latitude in their arguments to the jury, State v. Deckter, 73 Ariz. 427, 242 P.2d 551; Taylor v. State, 55 Ariz. 13, 97 P.2d 543; Guldin v. State, 63 Ariz. 223, 161 P.2d 121; Hash v. State, 48 Ariz. 43, 59 P.2d 305. In this case the county attorney demonstrated how the act of sexual intercourse might have been committed by the defendant. While probably such action was not in good taste and could have been prejudicial, yet we think it was *not* in this case because the defendant was not found guilty of rape.

The remarks of the county attorney, that the defendant was a "sex maniac and a sex pervert" were outside of the record according to the defendant. However the evidence did show that he possessed obscene sexual pictures, a sexual poem he had written, and that he noticed Maria was a passionate girl. Defendant's contention on this appeal is that the conviction of assault with intent to rape should not stand because no intent was shown. If the facts admitted by the defendant himself do not show an intent to commit a normal sexual act, then truly the defendant would be abnormal as to these things. However, as said before, we think the assault with intent to commit rape was clearly shown. The county attorney's remarks were unnecessary and uncalled for because the defendant's own story convicted him. County attorneys, in their zeal for a conviction, often go beyond the realm of propriety. If the evidence did not clearly sustain the conviction we would not hesitate to reverse it, but alas the defendant has been found guilty on evidence sufficient to carry the burden of conviction.

Defendant in his 14th assignment of error states that the sentence imposed by the lower court was under the circumstances cruel and unusual punishment, and an abuse of discretion. Section 43–607, A.C.A. 1939, sets forth the penalty for the crime of which the defendant was convicted and states that a person convicted of such a crime shall receive no less than

one year nor more than 14 years in the state prison. The sentence in this case was 8 to ·12 years. Clearly the trial judge stayed within the bounds set forth by the above statute, and we cannot say that the trial judge abused his discretion in imposing that penalty on the defendant. The fact that the jury recommended leniency makes ·no difference, because it is not their function to determine sentence, but rather the trial court's. There being no reversible error in the trial court's action, the judgment and sentence are affirmed. In view of the affirmance of the decision there is no necessity of determining the questions raised by the state in its cross-appeal.

Affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.