360 P.2d 224

**STATE of Arizona, Appellee,**

v.

**Charlie Felix VIDALEZ, Appellant.**

**No. 1179.**

Supreme Court of Arizona.

March 8, 1961.

Dominic Piccirilli, Tucson, for appellant.

Wade Church, former Atty. Gen., Stirley Newell, Asst. Atty. Gen., Harry Ackerman, Pima County Atty., Tucson, Arthur R. Buller, Deputy County Atty., Tucson, for appellee.

JENNINGS, Justice.

This is an appeal from conviction and sentence to the state penitentiary for the offense of unlawful possession of narcotics, to wit, heroin.

Appellant (hereinafter called defendant) accompanied by Adeline Licudine, a married woman, and defendant's nephew, Eddie Lucero went from Phoenix to Nogales, Arizona, where they crossed the border into Nogales, Sonora, and purchased heroin. Upon return to a Nogales, Arizona motel

room they gave themselves a number of "fixes" completely consuming the purchase. Thereafter, a second heroin purchase was made across the border.

On the return trip to Phoenix, the trio was stopped and searched by officers. No narcotics were immediately found. However, the officers did find a paraphernalia kit known as a narcotic users' kit which contained an eye dropper, a syringe, and a needle wrapped in paper. Later Mrs. Licudine produced a rubber condom containing heroin from within her person.

The officers conducted the trio to the State Building in Tucson where Mrs. Licudine and Lucero voluntarily gave written statements confessing their respective parts in the narcotics transaction. Mrs. Licudine and Lucero were convicted and sentenced for possession of narcotics. The conviction of the defendant followed.

Defendant assigned as error (a) the admission of testimony regarding the defendant's personal relationship with Mrs. Licudine, (b) the misconduct of a county attorney and (c) admission of testimony regarding the fact that the defendant was a user of narcotics.

Defendant claimed that the interrogation of Lucero and defendant with respect to the personal relationship between Mrs. Licudine and defendant constituted an attack upon the character and reputation of defendant when these were not in issue.

Defendant also contended that since the truth of the testimony was all that was at issue, the general rule should apply, i. e., only traits bearing on honesty and veracity are permissible, and evidence of sexual immorality and other traits having no direct connection with veracity are excluded. State v. Harris, 73 Ariz. 138, 238 P.2d 957; and see Udall, Arizona Law of Evidence, Sec. 66, pp. 99, 100. Finally, on his first assignment of error defendant contended that the interrogation was an attempt to get before the jury evidence of specific acts of misconduct which did not result in the conviction of a felony.

It is a fundamental proposition of law that the jury is entitled to be apprised of any bias, prejudice or hostility which a particular witness may feel toward a party to a lawsuit or prosecution in order that the jury may better be able to evaluate the true worth of that witness' testimony. State v. Rothe, 74 Ariz. 382, 249 P.2d 946; State v. Deen, 69 Ariz. 188, 211 P.2d 460; State v. Guerrero, 58 Ariz. 421, 120 P.2d 798; and see Udall, Arizona Law of Evidence, Sec. 65, p. 95.

We find no error by the trial court in permitting the questioning of the witness, Eddie Lucero, and the defendant himself, concerning defendant's personal relations with Mrs. Licudine. It is apparent that Mrs. Licudine became hostile to the State. Her testimony was at variance with the

statement she had previously given the officers. Thus it became pertinent and proper to show her bias as evidenced by her "interest" in or relation to defendant.

■ The fact that this testimony might not have been admissible for any other purpose does not defeat its proper admission when it is competent and admissible on a material issue. If evidence is admissible for any purpose, the fact that it discloses incidentally incompetent matter does not exclude it. Lawrence v. State, 29 Ariz. 247, 240 P. 863, rehearing denied, 29 Ariz. 318, 241 P. 511, certiorari denied 269 U.S. 585, 46 S.Ct. 201, 70 L.Ed. 425.

Indeed, in State v. Guerrero, supra, 120 P.2d at page 801, this Court held:

"* * * Interest of a witness may always be shown. 28 R.C.L. 615, section 204. If Navarro and defendant were living together, it is very probable that her testimony would be influenced in defendant's favor by that fact * * *."

■ Defendant by the first part of his second assignment of error contended that prejudicial error resulted when the county attorney gave the jury the impression that the defendant's counsel was trying to hide something from the jury when the prosecutor requested the defendant Vidalez to roll up his sleeve but evidently his attorney did not want this to be done.

Whether or not this was error, we believe the error was cured and was certainly rendered non-prejudicial when the court immediately instructed the jury to disregard the remarks in the following language:

"Ladies and Gentlemen, disregard any statements that counsel may have made. They are not to be considered by you at all in your deliberations and the points of evidence that come up, it is to the Court to rule whether they are admissible or not. You are not to conjecture as to what any answer may have been or when an objection is sustained you are not to conjecture as to what the reasons might have been for an objection. You are only to consider evidence that comes from the witness stand."

In its final instructions to the jury, the court again directed the jury to disregard the remarks of counsel.

The cases are replete with instances where errors of this nature were cured by a proper and timely statement to the jury promptly after utterance of the erroneous remarks and by proper instructions to the jury in the final charge. Smith v. State, 169 Md. 474, 182 A. 287; Barber v. State, 191 Md. 555, 62 A.2d 616. Representing the outer extremities of this rule is the case of Irvin v. State, Fla., 66 So.2d 288, certiorari denied 346 U.S. 927, 74 S.Ct. 316, 98 L.Ed. 419, where state's attorney made a statement to the effect that defendant's

counsel did not want certain evidence in and was hindering the state's case. It was held that even though the remarks were improper it was not prejudicial error for the court to refuse to give an instruction to disregard the remarks. If error was overcome in that situation, how harmless it is in this case where the court not only instructed the jury immediately to disregard the remarks, but additionally gave a covering instruction in the charge to the jury.

In defendant's argument supporting part two of its second assignment of error, defendant contended prejudicial error resulted when the prosecutor walked around the courtroom exhibiting to the jury a judgment of a previous conviction and a photograph of defendant attached thereto. Defendant contended that this action served the same purpose as if the document had been received in evidence. However, it must be noted that defendant's prior conviction of a narcotics felony, to wit: illegal possession of a narcotic, heroin, already was in evidence by appellant's own admission on cross-examination by the prosecuting attorney. In addition, the record does not bear out defendant's assertion that the prosecutor displayed the judgment and photo before the jury. A perusal of the transcript pertaining to this matter indicates the following:

"Defense counsel: Your Honor, I am going to object to Mr. Rubi walking around with that.

"Court: Just a minute, gentlemen.

"Defense Counsel: (Continuing) The photograph and commitment and showing it to the jury when it is not even in evidence yet.

"Court: Just a minute. Nobody is going to show anything. That is on the Clerk's desk and that is where it is going to stay * * *."

Defendant in his third assignment of error objected to certain alleged misconduct of county attorney in bringing before the jury the fact that defendant, Lucero, and Mrs. Licudine were users of narcotics. We cannot sustain such an assignment of error. The subject of the use of narcotics by any of the parties was first introduced into court by defendant himself. The only objection offered by defendant throughout the trial to interrogation of the parties on the subject of their use of narcotics was overruled on the basis that defendant himself initiated the subject. A party may not invite error at the trial and then assign it as error on appeal. Hightower v. State, 62 Ariz. 351, 158 P.2d 156.

For the foregoing reasons the judgment of the trial court is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concurring.