381 P.2d 762

**STATE of Arizona, Appellee,**

v.

**Donald M. FORSYTHE, Appellant.**

**No. 1246.**

Supreme Court of Arizona.

In Division.

May 15, 1963.

Dean Scott, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles N. Ronan, County Atty., Maricopa County, Phoenix, for appellee.

ROBERT O. ROYLSTON, Superior Court Judge.

Donald M. Forsythe was tried and convicted by a jury of the crime of robbery. The chief witness for the prosecution was Joseph A. Whittig, who at the time of trial was awaiting sentence on his plea of guilty to the same charge. The sole contention raised by this appeal is that the trial court erred in failing to direct the acquittal of the defendant at the close of the evidence for the state, on the basis that there was insufficient corroboration of the testimony of the accomplice.

The facts, briefly stated, are as follows: On July 25, 1961, at approximately 8:30 P.M., an employee of Walker's Liquors, 1820 West Glendale Avenue, Phoenix, Arizona, was robbed by a man armed with a gun. When the robber left the store, the clerk fired a shot after him, one shot was returned, and the robber ran around the corner.

Whittig testified that he had been staying at the home of the defendant and his wife for approximately three weeks prior to the robbery, and up to the time of arrest. He further testified that he and the defendant robbed the store at the defendant's suggestion. The defendant owned a 1953 black and white Cadillac, which the defendant, with Whittig as a passenger, drove past the store located in a row of businesses. Three or four trips past the store and through the parking area behind the store were made, until no customers were in the store. Whittig then got out and robbed the store with the exchange of shots, ran to the parking area where he climbed in the automobile trunk and remained there while the defendant drove to his home.

Both Whittig and the defendant were arrested the following day and when both were placed in a police line-up, Whittig was identified by the clerk. At the trial, the clerk testified that the defendant was not the man who robbed him. A.R.S. § 13–136 provides that:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The source of this statute, its requirements, and the manner in which the statute is to be construed were recently passed upon by this Court, sitting en banc, in State v. Sheldon, 91 Ariz. 73, 369 P.2d 917. It would serve no useful purpose to review that opinion. It is sufficient to quote the following portion:

"The statute's (Section 13–136) primary requirement is that there be some

evidence in the case which is legally sufficient to lend credibility to the statements of the accomplice. It must be evidence which will afford the trier of fact a sufficient basis for *believing* the testimony of the accomplice. But it need not corroborate any particular part of the accomplice's testimony. (citing cases) Nor need the 'corroboration * * * be by direct evidence [for] the entire conduct of the defendant may be looked to for corroborating circumstances and if from those circumstances, his connection with the crime may be fairly inferred, the corroboration is sufficient.' (citing case)" 91 Ariz. at page 79, 369 P.2d at pages 921–922.

Without discussing all of the evidence, the following facts were testified to during the state's case in chief by witnesses other than the accomplice.

1. The defendant owned a 1953 black and white Cadillac.

2. A grocer observed the defendant operating a 1953 black and white Cadillac sometime between two and four o'clock in the afternoon preceding the robbery.

3. A bartender observed Whittig and the defendant together at a bar approximately two and a half hours before the robbery.

4. At the approximate time of the robbery, a man and wife who lived just across the parking area from the rear of the store were sitting in their yard. They observed a dark Cadillac with a light top pass through the area two to three times. The husband saw a person get out of the car on its third trip while the car was still moving, and the car drove on out of sight. After both witnesses heard a loud noise, the husband walked to a different vantage point in his yard where he could again observe the car, and he saw that the car was stopped, that there was a light at the rear of the car, that something was placed in the trunk, that the light went out and that the car drove away.

5. The following day, police officers observed the Cadillac with the defendant driving and Whittig as a passenger. The officers attempted to stop the car, even to the point of using the red emergency light and the horn. The defendant refused to stop and the officers pursued him to his house. When he finally stopped in his yard, the defendant was "very visibly shaken" and "very visibly nervous."

6. The officers found one of the checks taken in the robbery in a garbage can at the defendant's home.

7. The officers found a .38 caliber revolver resembling the one used in the robbery in the room occupied by Whittig. An empty .38 caliber shell was found in a bureau drawer in the room occupied by the defendant.

Without passing upon the sufficiency of any single fact listed above, it is apparent

that collectively there was a sufficient basis for believing the testimony of the accomplice. Therefore, the trial judge properly denied the motion to direct an acquittal of the defendant.

Judgment is affirmed.

UDALL and STRUCKMEYER, JJ., concur.