383 P.2d 866

**The STATE of Arizona, Appellee,**

**v.**

**Donald Gene TURNER, Appellant.**

**No. 1237.**

Supreme Court of Arizona.

In Division.

July 11, 1963.

William H. Tinney, Jr., Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Phoenix, Norman E. Green, County Atty. of Pima County, Carl Waag, Tucson, Deputy County Atty., for appellee.

LOCKWOOD, Justice.

Donald Gene Turner appeals from a conviction of the crime of first degree burglary. The basis of his appeal is that there was insufficient evidence to corroborate the testimony of an accomplice, and that there was insufficient evidence to submit the case to the jury.

According to the testimony of Robert R. Mitchell, at about 8:30 P.M. on May 10, 1961, he and Linda Van Hoose were returning to the latter's home which they had left some time earlier. Upon arriving at the home, Mitchell saw a man standing by the front door. This man was holding a portable television set and a record player, and on seeing Mitchell the man dropped these articles and fled through the back door of the house. Mitchell gave chase, but lost sight of the man. Mitchell went through the gate in the backyard to Hampton Street, and as he did so he saw two people running and followed them. A passing police car pulled up and Mitchell and an officer conversed briefly about these men, whereupon the police car took up the chase.

Officer Cash, who was in the police car, testified that after he heard Mitchell calling he saw the two men running, and noticed that the one in the rear was wearing a black and white striped shirt and was carrying something white under his left arm. The two men jumped into a car, the one in the black and white shirt sitting in front on the passenger side, and sped away. However they were apprehended within about eight blocks. Defendant was wearing the black and white shirt. Officer Cash was joined by Officer Wimberley, and the men and the car were searched by the officers. A white pillow case containing property which had been in the Van Hoose home was discovered on the front seat where defendant had been sitting, and items of costume jewelery from the Van Hoose home were on and under the seat. The officers testified that there were feathers on the pillow case and that the same kind of feathers were on defendant's shirt. Captain Kempe, the police chemist in charge of the Pima County Crime Laboratory, testified that his microscopic examination indicated that the feathers from the two sources were very similar.

An accomplice, Stanley A. Schumaker, testified that he entered the Van Hoose dwelling; and took "some things," and that he believed defendant had also entered the house; that when he, Stanley, heard some-one coming he yelled "Let's go" and fled out of the house down Hampton Street to a car; that he got in the driver's seat and defendant, who was following him, got in on the passenger side; that he saw a police car, and the patrolman afterward "pulled us [the two men] over," searched the two men and took them to jail.

■■ No conviction may be had on the uncorroborated testimony of an accomplice, and the corroborative evidence must be such as tends to connect the defendant with the commission of the offense. Corroboration which merely shows the commission of the offense or circumstances thereof is not sufficient. A.R.S. § 13–136. However, the corroborating evidence need not be sufficient in itself to establish defendant's guilt but must tend to connect the defendant with the offense. State v. McGee, 91 Ariz. 101, 370 P.2d 261 (1962); State v. Bagby, 83 Ariz. 83, 316 P.2d 941 (1957); State v. Miller, 71 Ariz. 140, 224 P.2d 205 (1950).

■ There was sufficient evidence in this case to corroborate the testimony of the accomplice, and there was sufficient evidence in the record upon which to submit the case to the jury.

Judgment affirmed.

BERNSTEIN, C. J., and JENNINGS, J., concur.