395 P.2d 362

STATE of Arizona, Appellee,

v.

Donald Mack SMITH, Appellant.

No. 1412.

Supreme Court of Arizona.

In Division.

Sept. 24, 1964.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Phoenix, for appellee.

Claude W. Olney, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant, Donald Mack Smith, was charged with burglary, Count I, and grand theft, Count II, both felonies, and after trial by jury was found guilty on each count. This Court is asked to determine whether the evidence was sufficient, as a matter of law, to corroborate the testimony of the defendant's accomplice.

A.R.S. § 13–136 provides:

"A conviction shall not be had on the testimony of an accomplice unless the accomplice is corroborated by other evidence which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

**324**

The evidence tended to establish that on January 24, 1963, a welding machine was stolen from the tool shed of one Ellis Hills. Raymond Hutton, a purported accomplice, testified that defendant had accompanied him to the Hills ranch on January 24th to propose a sale of tools to Hills, but that such sale was merely "an excuse * * * to see if the welding machine was still there." Hutton then told how he personally took the welder that night while defendant carried off some welding lead and a welding helmet.

Corroborative evidence of Hutton's testimony came from Hills who testified that on January 24th the two men were at the ranch trying to sell some tools and that two days later the welder was first missed. A witness, John Lambert, testified that two days later Hutton and defendant sold him the missing welder. We think the foregoing testimony is sufficient to satisfy the statute.

The language of A.R.S. § 13–136 is unambiguous. Before a conviction may be based upon the testimony of an accomplice there first must exist independent corroborating evidence "which, in itself and without aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." It is not enough that the jury be convinced of the accomplice's veracity, for if such were the case, the statute would be emasculated.

But once there is independent evidence which in some manner links defendant with the commission of the offense, the jury may believe that there is a sufficient basis for accepting the testimony of the accomplice. State v. Michaels, 95 Ariz. 374, 390 P.2d 904; State v. Turner, 94 Ariz. 309, 383 P.2d 866; State v. Forsythe, 94 Ariz. 78, 381 P.2d 762; State v. Sheldon, 91 Ariz. 73, 369 P.2d 917.

The testimony of Lambert that Hutton and defendant sold the stolen welder to him is alone, in itself, sufficient corroboration. While this Court has not directly passed on the point here involved, it is commonly accepted that the unexplained possession of stolen property is sufficient corroboration of the testimony of an accomplice to warrant a conviction. See e. g. People v. Carswell, 149 Cal.App.2d 395, 308 P.2d 852; People v. Wilson, 298 Ill. 257, 131 N.E. 609; People v. Munsey, 15 A. D.2d 980, 225 N.Y.S.2d 732.

That the defendant did not have sole possession of the welder at the time of the sale to Lambert does not destroy the probative force of the evidence that unexplained possession may corroborate the testimony of an accomplice.

"To be in possession of stolen property one need not have it in his manual possession or actually on his person. Such possession may be joint or individual, and two or more persons

may be in possession where they have the power to control and the intent to control jointly." People v. Rice, 29 Cal.App.2d 614, 620, 85 P.2d 215, 218.

We hold there was sufficient evidence to corroborate the testimony of the accomplice within the meaning of Arizona Revised Statutes § 13–136.

Judgment affirmed.

LOCKWOOD, V. C. J., and SCRUGGS, J., concurring.