99 Ariz. 331 (1965)
409 P.2d 37
The STATE of Arizona, Appellee,
v.
Edward Campos ARRIOLA, Appellant.
No. 1554.
Supreme Court of Arizona. In Division.
December 16, 1965.
*332 Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., Carl Waag, Deputy County Atty., for appellee.
Jack I. Podret, Tucson, for appellant.
McFARLAND, Justice:
Edward Campos Arriola, hereinafter referred to as defendant, was convicted and sentenced to serve not less than six nor more than seven years in the Arizona state prison for the unlawful sale of narcotics, in violation of A.R.S. § 36-1002.02, as amended. From the conviction, sentence, and denial of motion for new trial he appeals.
On October 18, 1963, at about 9:00 a.m., state narcotics agents, Edmund Cleveland and Leonard Hymer, of the Arizona Department of Liquor Licenses and Control, were present in the State Office Building in Tucson, Arizona, and searched Henry Lugo, a department informer. They stripped him of clothing, and both clothing and his body were searched for evidence of narcotics. Cleveland's son, Ben, was also present at the time of the search. Agent Cleveland gave Lugo an unmarked five-dollar bill to be used for the purchase of narcotics, and the men then proceeded to the parking lot where Lugo's state car was searched for evidence of narcotics. The agents then followed Lugo in a separate car to the vicinity of Speedway and Main where defendant's home was located. The agents remained some distance away and watched with the aid of binoculars. Lugo sounded his automobile horn, defendant came out of his house, and then both men entered and came out shortly thereafter. The agents, approximately 175 yards from defendant's house, did not observe the exchange of money for heroin. Lugo entered his car, and followed by the state agents proceeded back to the state office building parking lot where he handed agent Cleveland a "paper" of heroin, later introduced in evidence at the trial.
Defendant first assigns as reversible error the failure of the trial court to grant his motion for mistrial made after the following testimony was given on redirect examination of informer Lugo by counsel for the state:
"Q You said you fixed with Edward Arriola. What do you mean by that?
"A Well, he took some heroin in front of me when I did at the same time.
"Q In other words, he actually 
"MR. PODRET: Can I have an instruction; at the first recess, I will have a motion.
"THE COURT: All right.
"MR. PODRET: I ask it be stricken.
"THE COURT: Objection sustained.
It may be stricken and the jury instructed to disregard it."
*333 The above questions and answers followed the cross-examination of the witness by defense counsel in regard to these same matters.
"Q Actually, the first time you met him defendant you went to Mickey's house, didnt you?
"A That is probably where I first met him.
"Q On that particular day you and Mickey and some other people shot up, didnt they?
"MR. WEISS: I object to the question.
"THE COURT: `Shot up' means what?
"MR. PODRET: Shot, took a shot of heroin.
"THE COURT: Rephrase your question.
"MR. WEISS: I object as immaterial and incompetent, other action and conduct unrelated to this case.
"THE COURT: He may answer.
"A I might have. I am not sure.
"Q In Mr. Arriola's presence, he was there?
"A He was there and fixed with us.
"Q Might not have too?
"A If he was there, he fixed. I am not saying I am sure. I did fix in front of him once or twice with him. I dont remember if it was there at Mickey's house.
"Q You fixed in front of him?
"A With him."
As will be noted, counsel for defendant asked the witness if he had not gone to Mickey's house and if he had not on that particular day "shot up" with Mickey and some other people. After the witness answered that he might have, but wasn't sure, counsel then asked if it were in defendant's presence and if he were there, to which he received the answer, "He was there and fixed with us." Then, after other questions, he asked the witness specifically "You fixed in front of him?", and received the answer, "With him." It was redirect after this type of examination that the question was asked as to whether he had "fixed" with Edward Arriola, the defendant. Defense counsel contends that he is entitled to a mistrial because of the answer, "Well, he took some heroin in front of me when I did at the same time." Counsel asked that the answer be stricken, the court sustained the objection, and instructed the jury to disregard it.
This whole field of examination was opened by defense counsel. It was in response to defense counsel's questions that the witness had first said that "[h]e was there and fixed with us." The law is well settled that where defendant opens the door and invites error in the case at the trial, *334 as was done in the instant case, he may not assign it as error on appeal. State v. Gallegos, 99 Ariz. ___, 407 P.2d 752 (November 12, 1965); State v. Rascon, 97 Ariz. 336, 400 P.2d 330; State v. Paramo, 92 Ariz. 290, 376 P.2d 554; State v. Vidalez, 89 Ariz. 215, 360 P.2d 224; State v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011; Riley v. State, 50 Ariz. 442, 73 P.2d 96.
The next two assignments of error involve the same questions presented under almost the same state of facts in other narcotics cases before this court, in which Lugo was the informer and the principal witness. The first contention was that the trial court erred in failing to direct a verdict in defendant's favor on the ground that Lugo was an accomplice whose testimony was wholly uncorroborated. We cannot agree with this contention. We have recently held that the testimony of an informer need not be corroborated for the reason that he is not an accomplice. State v. Chavez, 98 Ariz. 236, 403 P.2d 545; State v. Moraga, 98 Ariz. 195, 403 P.2d 289. In State v. Moraga, supra, where Lugo was also the informer, we stated:
"The law is clear that testimony of an informer does not have to be corroborated. However, Lugo's testimony was corroborated in the instant case. The evidence is sufficient, where corroboration is required, if it tends to connect defendant with the crime. State v. Turner, 94 Ariz. 309, 383 P.2d 866. Certainly the evidence of the officers in this case was sufficient to connect defendant with the crime. They had previously searched Lugo  his clothes, his person, and his automobile. They watched him through night glasses on both occasions, and, although unable to see the actual transfer, they saw him meet defendant, after which he returned to the state office building with the evidence." 98 Ariz. at 198, 403 P.2d at 292.
This assignment of error is unfounded.
The next contention of defendant is the refusal of the trial court to find the informer Lugo incompetent to testify. Similar questions were also presented in State v. Moraga, supra, and State v. Chavez, supra, in which Lugo was a witness. In both Moraga and Chavez, supra, it was contended that the testimony of Lugo should have been rejected. In both cases it was urged that he was a user of narcotics, and, in Chavez, defense counsel stated that the testimony of the informer Lugo "was improbable and unbelievable." The trial court, in both cases, held this was a matter affecting the credibility of the witness and a question for the jury.
The motion to suppress the evidence made by defense counsel in the instant case was "on the ground such testimony is inherently unbelievable and not worthy of acceptance *335 by the court," which was similar to that in the other cases. However, in this appeal, counsel assigns as error the refusing to find Lugo incompetent to testify, stating that the question of competency of a witness is for the determination of the court, and the credibility of the witness a question for the jury. The defendant contends that when he made an objection to the evidence of Lugo, and moved to strike his testimony on the ground that he was "inherently unbelievable and not worthy of acceptance by the court" this "surely raised" the question of his competency. The answer to this contention is that the court, in admitting his testimony and in denying the motion, ruled on the competency of the witness to testify. These were matters affecting the credibility of the testimony of the witness, and were questions properly submitted to the jury. State v. Chavez, supra; State v. Moraga, supra. The competency of a witness to testify is a question within the sound discretion of the trial court. State v. Mills, 96 Ariz. 377, 396 P.2d 5. The court did not abuse its discretion in permitting the witness Lugo to testify, or in denying the motion to suppress his testimony.
Defendant's final assignment of error is the trial court's denial of defendant's motion for mistrial based on misconduct of the state in its closing argument to the jury. This misconduct consisted of statements to the effect that Lugo was a witness in twenty other similar narcotics cases, and that Lugo and defendant "shot" together. Lugo testified, as pointed out herein, that he and defendant had "shot" together. Hence, there could be no error in the counsel's arguing this evidence. On cross-examination by defense counsel Lugo testified "I made twenty-two case, thirty-two some buys altogether." This evidence supported the argument made by the county attorney. We have held that attorneys are given wide latitude in discussing the evidence in their arguments to the jury. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357, cert. denied, 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726. See also State v. Allen, 1 Ariz. App. 161, 400 P.2d 589; State v. Adams, 1 Ariz. App. 153, 400 P.2d 360. The court instructed the jury in regard to arguments of both prosecution and defense counsel, stating that their arguments must be in accord with the evidence, and "you will not consider such statement or statements * * * which do not agree with the evidence which you have heard." The court also admonished the jury to keep in mind that arguments of counsel either during trial or at the close of the case are not evidence. We find no prejudicial error in the closing argument to the jury.
Judgment affirmed.
LOCKWOOD, C.J., and BERNSTEIN, J., concur.