Argued December 2, 1925, reversed January 12, 1926.

## STATE *v.* HAYNES.

### (242 Pac. 603.)

**Indictment and Information — Indictment Following Language of Statute Held Sufficient.**

1. Indictment for statutory rape, which followed language of statute defining such crime, *held* sufficient, and not open to objection that it did not allege accused was not husband of prosecutrix.

**Rape — Indictment Charging Illicit Sexual Intercourse Held Sufficient.**

2. Indictment for statutory rape, which failed to allege accused was not husband of prosecutrix, but did allege "illicit sexual intercourse," *held* sufficient; "illicit" making omitted allegation unnecessary.

**Rape—Indictment, Which Did not Allege Accused was not Husband of Prosecutrix Held Sufficient.**

3. Indictment for statutory rape, which failed to allege accused was not husband of prosecutrix, was sufficient, since marriage was within knowledge of defendant, and, if true, he could have proven it and rebutted the charge.

**Criminal Law—Admissibility of Evidence of Other Crimes Stated.**

4. In prosecution for statutory rape, defendant cannot be called upon to defend against any accusation other than that charged in indictment, and evidence of other crimes is not admissible when it has no tendency to prove charge in indictment.

**Criminal Law—Admission of Evidence That Accused Drove Automobile While Intoxicated Held Error.**

5. In prosecution for statutory rape, admission of evidence that accused drove automobile while intoxicated after accomplishment

---

1. Necessity in indictment for rape of negativing marital relation between accused and prosecutrix, see note in 16 Ann. Cas. 902. See, also, 22 R. C. L. 1198.

4. Admissibility of evidence of other crimes in prosecution for rape, see notes in 8 Ann. Cas. 459; 18 Ann. Cas. 442; Ann. Cas. 1915D, 164. See, also, 22 R. C. L. 1204.

of sexual intercourse with prosecutrix *held* error, since it was evidence of another crime, and no part of *corpus delicti.*

**Criminal Law—Admission of Evidence of Possession of Liquor by Accused Held Error.**

6. In prosecution for statutory rape, admission of evidence of possession of liquor by accused before accomplishment of sexual intercourse with prosecutrix *held* error, as not relevant, and being evidence of another crime.

**Rape—Previous Chastity of Prosecutrix has No Hearing in Prosecution for Statutory Rape.**

7. It would be immaterial, in prosecution for statutory rape, if prosecutrix were commonest prostitute, provided she was under age of consent.

**Rape—Evidence of Intercourse of Another With Prosecutrix Proper as Rebuttal Testimony.**

8. Where, in prosecution for statutory rape, physician testified to physical examination of prosecutrix, which revealed she had had sexual intercourse, accused could, in rebuttal, show intercourse with another than himself.

**Rape — Oral Statements of Prosecutrix Held not Admissible to Show Intercourse With Another Than Accused.**

9. In prosecution for statutory rape, oral declaration by prosecutrix that she had had sexual relations with another than accused would not be admissible to rebut inference from medical testimony that she had had intercourse.

**Criminal Law—Witnesses—Leading Questions Within Discretion of Trial Court, and not Reviewed, Save for Abuse.**

10. As a general rule leading questions are within discretion of trial court, and reversal on that ground cannot be had unless there is clear abuse of such discretion.

---

Criminal Law, 16 C. J., p. 586, n. 98, p. 588, n. 8, p. 609, n. 15; 17 C. J., p. 244, n. 70, p. 320, n. 36.

Rape, 33 Cyc., p. 1439, n. 88 New, p. 1441, n. 5, p. 1480, n. 77, p. 1481, n. 79.

Witnesses, 40 Cyc., p. 2427, n. 26, 27, p. 2429, n. 30.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

REVERSED.

For appellant there was a brief and oral argument by *Mr. B. A. Kliks.*

For respondent there was a brief over the name of *Mr. Lyle J. Page,* Deputy District Attorney, with an

oral argument by *Mr. John H. Carson,* District At-torney.

BURNETT, J.—The defendant was convicted of statutory rape in that, as stated in the indictment, he did then and there unlawfully and feloniously carnally know and have illicit sexual intercourse with a named girl, she then and there being a female child under the age of sixteen years, the said Elroy Haynes then and there being a man over the age of sixteen years. Dissatisfied with the result of the trial, he has ap-pealed.

1–3. There are forty-eight assignments of error drawn from a plethoric record, replete with objections of counsel and petty arguments. It is unnecessary to examine more than a few of these exceptions. It is urged that "the indictment is generally defective and does not charge a crime, and especially in failing to allege that the defendant was not the husband of the said girl." The accusation follows the language of the statute defining the crime charged and is suffi-cient. The cases of *State* v. *Eisen,* 53 Or. 298 (99 Pac. 282, 100 Pac. 257), and *State* v. *Gates,* 98 Or. 110 (193 Pac. 197), are not in point, for they are in-stances where the defendant was accused of contribut-ing to the delinquency of a minor child and it was held that as the indictment showed the prosecutrix to be of marriageable age and that if married she was no longer a minor it was necessary for the accusation to show that she was not married. Otherwise she could not be considered as within the statutory term of "minor child." As against the objection of the defendant that the girl may have been his wife, the charge is sufficient for another reason, for it says that he had "illicit sexual intercourse" with her, which

could not be the case if he was her husband. Besides this, whether or not they were married to each other at the time of the occurrence of the act charged in the indictment was peculiarly within the knowledge of the defendant, and if it was true he could have proven it and thus rebutted the charge.

The salient points in the narration for the state, condensed from an extremely tautological and garrulous record, are that the defendant and another young man engaged the company of the prosecutrix and her girl friend in Newberg, Yamhill County, on Sunday, November 18, 1923, and went riding together in an automobile, of which the defendant was the driver. Over the objection of the defendant, the state was permitted to show that they first repaired to the residence of the other boy, where he went into the house and brought out a bottle of moonshine whisky which the boys took with them and drank from frequently during the ride in the afternoon. After driving awhile in Marion County, they left the road near the east approach to the bridge across the river between Marion and Yamhill Counties, and went into the woods to a deserted house, where the prosecutrix alleges that the defendant had sexual intercourse with her. After a time spent there they returned to Newberg and drove to Dundee, and the defendant was intoxicated as he drove the automobile. They had a collision with another machine resulting in damage to the defendant's car so that it could not be driven. The prosecutrix and the others, the defendant being in an intoxicated condition so that he could hardly walk, returned on foot to Newberg.

4–6. The testimony about the defendant being drunk and about taking the liquor with them was objected

to on account of its tendency to prove other crimes, viz., unlawful possession of intoxicating liquor and driving an automobile while intoxicated, but the objections were overruled and an exception noted. The rule is elementary that the defendant cannot be called upon to defend against any accusation other than that charged in the indictment, and that evidence of other crimes is not admissible. Apparent exceptions to the rule are found in cases where the challenged testimony discloses other crimes, but at the same time has a tendency to prove the crime charged in the indictment. The principle is plain that if testimony tends to prove the crime charged, it is admissible notwithstanding it also might reveal another offense, but it is not admissible if it has no tendency to prove the charge in the indictment. Here the testimony about the defendant driving the automobile while he was intoxicated, especially after his accomplishment of the sexual intercourse with the prosecutrix, was clearly inadmissible. It was not any part of the *corpus delicti.* Neither was the possession of liquor before the specific act occurred of any relevancy whatever in proving the accusation. The subject is treated in detail and the authorities collated in *State* v. *Willson,* 113 Or. 450 (230 Pac. 810, 233 Pac. 259).

7–9. The defendant complains that he was not permitted to show that the prosecutrix had had sexual relations with another man than himself. The question is not presented by the record before us. On the merits, under the statute, if in fact she was under the age of consent, it would make no difference if she was the commonest prostitute. It seems from the record that in order to corroborate the statement of the prosecutrix as to the commission of the offense, the state produced as a witness a physician who testi-

fied to a physical examination made of the prosecutrix some days after the act charged in the indictment was committed, whereby it was revealed that she had had sexual intercourse with some person. Of course, if this was unexplained, it would be taken by the jury as supporting her statement of sexual connection with the defendant. However, if he could, he was entitled to show in rebuttal of this testimony that she had had sexual intercourse prior to that date with another than himself and thus possibly account consistently with his innocence, for the physical condition disclosed by the testimony of the 'physician; but the defendant did not pursue that course. Before the physician testified, and on cross-examination of the prosecutrix, the defendant's counsel asked her, not if she had had intercourse with a man other than the defendant prior to the time named in the indictment, but in substance if she had told a designated woman that she, the prosecutrix, had had nothing to do with the defendant, but that she had had improper relations with another man previously. Granting that he had a right to show in advance of the state's testimony on that subject that she had had improper sexual relations with a man other than the defendant, still her oral declarations to someone to that effect are not competent for that purpose. He might have asked the question of her direct and if she had denied it, have impeached her by calling attention to her contradictory statement made to the woman mentioned. Even then the proof of her oral admission would have no greater or different effect than to nullify her denial. It would not prove her coition with anyone. Hence the question sought to be submitted here is not presented.

10. Much complaint is made about asking leading questions and the record is replete with instances of the kind. The general rule is that such form of interrogation is within the discretion of the trial court, and that a reversal on that ground cannot be had unless there is a clear abuse of such discretion. That tribunal is the best judge of the matter. It may be that on account of her actual modesty it would be impossible to get the testimony of the injured girl before the jury without the use of leading questions, but without placing the decision on that ground it would seem that diffidence would not affect a girl of fifteen or sixteen who was so brazen as to submit to the lustful embraces of a man after only three days' acquaintance with him, as the record discloses in this case.

For the error of admitting testimony tending to convict the defendant of a wholly irrelevant offense, the judgment is reversed and a new trial ordered.

REVERSED AND REMANDED.

McBRIDE, C. J., and COSHOW and RAND, JJ., concur.