Submitted on briefs at Pendleton May 9, affirmed September 17, 1929.

STATE *v.* R. C. INCE ET AL.

(280 Pac. 335.)

For appellant there was a brief over the name of *Mr. Frank G. Dick.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. Francis V. Galloway,* District Attorney.

COSHOW, C. J.—■ A witness in behalf of the state testified that on Saturday afternoon, the day the first keg of moonshine was taken from the premises of the prosecuting witness, he saw both defendants on the highway between Antelope and the prosecuting witness' ranch. The defendants stopped and gave the witness a drink of moonshine whisky. Said witness also testified to having spent the same evening and night at the home of defendant Ince in Shaniko, where more drinking of moonshine was indulged. Another witness was permitted to testify to finding on a vacant lot near the home of defendant Ince in Shaniko a keg which had recently contained moon-

shine whisky. The keg was positively identified by Barsch. Defendants objected to the admission of that testimony because it tended to prove another and different crime, citing *State* v. *Lockwood,* 126 Or. 118, 127 (268 Pac. 1016).

"It is contended that the court erred in permitting one of the arresting officers to testify that he found two flasks of whisky in defendant's automobile at the time of her arrest, and further in receiving in evidence the bottles of liquor. The unlawful possession of intoxicating liquor within this state is a statutory offense; and, as heretofore held by this court in *State* v. *Haynes,* 116 Or. 635 (242 Pac. 603), the admission of evidence of the possession of such liquor in a cause wherein such possession constitutes a distinct offense, *having no relation to or bearing upon the issues to be determined,* will constitute reversible error. * * Treating of the general principles of evidence, our Code provides that collateral questions should be avoided, but that it is within the discretionary power of the court to permit inquiry into a collateral fact 'when such fact is directly connected with the question in dispute, and is essential to its proper determination': Or. L., § 725." *State* v. *Lockwood,* above.

The evidence adduced regarding the taking of the moonshine from the premises of the prosecuting witness, the possession of moonshine by defendants and the finding of the keg which recently contained moonshine was connected, though somewhat remotely with the crime charged. The prosecuting witness very positively identified Ince as one of the three men who entered his house and as the man who stole his purse. The testimony objected to, while probably of small value, yet is intimately enough connected with the crime admitted to make it admissible under the rule

in said Section 725. The court did not err in admitting the testimony.

■ Our ruling on the admissibility of the testimony objected to by defendants covers also the alleged error predicated on the court's refusal to instruct a verdict for defendants. There was some testimony tending to prove that both defendants were guilty as charged.

■ The particular instruction objected to by defendant appealing is the following:

"On the other hand, as I have already stated, if you should find that they had a plan but that the plan involved only the taking of moonshine whisky and that that was as far as the agreement went, and that after they got out there, if you find at all that they were there, Ince conceived an additional action not involved in the original plan, to-wit: the taking of the money, and if you should so find that he did take the money, as charged in the indictment, and that Stratton was not a party to the conspiracy or plan, then, as I have said, one would be guilty, and the other not guilty."

Appellant claims that this instruction stressed the conduct of Ince in a special way to direct the jury's attention to him to his prejudice. We do not think that is the effect of the instruction. It correctly states the law since the defendants were jointly charged with the crime. In the bill of exceptions appears instructions requested by defendants. Among others the defendants requested this instruction: If you find that "the stealing and carrying away of money, was committed by them or either of them, and then only the one can be found guilty, that you believe, the evidence shows, beyond a reasonable doubt is guilty." Also this instruction:

"If you are unable to agree as to the guilt or innocence of one of the defendants, and if you find and do agree that the other defendant is not guilty, then and in that event, you should render a verdict as to the one agreed upon, and find him not guilty, even though you disagree as to the guilt or innocence of the other."

■ The prosecution witness testified positively that defendant Ince took the purse. There was no evidence that the other defendant took the purse. The instruction as given by the learned judge presiding at the trial is substantially the same as instructions requested by defendants. Appellant Ince has not pointed out to the court any error committed at the trial. Judgment is affirmed. AFFIRMED.

Brown, J., absent.