Argued February 14; reversed March 5, 1946

STATE *v.* NEWBURN
(166 P. (2d) 470)

*Ralph E. Moody*, of Salem (O. H. Bengtson, of Medford, on the brief), for appellant.

*Allison Moulton*, Deputy District Attorney, of Medford (George W. Neilson, District Attorney, of Medford, on the brief), for respondent.

BELT, C. J.

Defendant was convicted of statutory rape on a girl thirteen years of age and was sentenced to serve a term in the penitentiary.

The crime is alleged to have occurred when defendant—a married man thirty-two years old—was taking the prosecutrix home in his automobile on the night of October 8, 1944. Prosecutrix did not complain to her mother of the alleged sexual intercourse until about three weeks after it is claimed to have happened. The mother became concerned about the condition of her daughter and took her, on November 6, 1944, to Dr. Chas. A. Haines in Ashland, Oregon, for a physical examination. The doctor testified that the examination disclosed a ruptured hymen, but that he was unable to say when the sexual intercourse had occurred. Dr. Haines said that prior to the examination the girl denied having had sexual intercourse with any person, but that subsequent thereto she did not persist in such falsehood.

Mrs. Virtris King, a witness for the defendant, was asked on direct examination whether the prosecutrix had ever had a conversation with her in which the prosecutrix stated that "she had sexual intercourse

five times with ———— in one evening." The court properly sustained an objection to such question. It is pure hearsay. We agree with appellant that when the state thus undertakes to corroborate the statement of the prosecutrix that defendant had sexual intercourse with her, he has the right to rebut any unfavorable inference arising from such evidence by showing that the ruptured hymen may have been caused as a result of sexual intercourse with some other person. See numerous authorities in 140 A. L. R. 367 note, among which is *State v. Haynes,* 116 Or. 635, 242 P. 603. However, the record before us does not present such question. We are concerned here with the admissibility of an alleged oral declaration made by the prosecutrix to a third person when no proper foundation for impeachment had been laid. *State v. Haynes,* supra; 44 Am. Jur. 944, § 72; Underhill's Crim. Ev. (4th ed.) § 425. As stated in 52 C. J. 1063, § 88: "Statements made by the prosecutrix, not part of the res gestae, are not admissible in behalf of defendant, except to impeach the testimony of the prosecutrix, upon the proper foundation being laid." The court recognized the exception to the general rule by permitting cross-examination of the prosecutrix as to other acts of sexual intercourse.

■ We see no merit in the contention that the court erred in permitting the state to show the circuitous route taken by defendant in his automobile when accompanied by prosecutrix and her girl friend.

The serious error assigned pertains to the argument before the jury by the District Attorney wherein, among other things, he said:

"Mrs. Newburn was familiar with all the circumstances concerning defendant's entrance into the

army. There is no merit in counsel's argument that the condition of the defendant's back would have prevented him from committing the offense in the cramped quarters of a one seated Ford coupe as testified by the prosecutrix. Ordinarily the army wouldn't have taken him if he were not physically fit and he must have been discharged for some other reason. I don't know what it might be.

\* \* \* \* \* \* \* \*

"The state is limited in its prosecution in these cases. The state can only present legal testimony. That is the only testimony that is admissible under our laws and rules of this court, *and out of all of the facts in the District Attorney's office that we may have, we can only present such evidence as is admissible.*"

■ Defendant objected to such argument "as intimating to the jury that the District Attorney had other evidence, though inadmissible, which tended to show the defendant's guilt and implied by such remarks an inference of defendant's guilt upon evidence which was inadmissible, and which remarks were improper and prejudicial to the defendant."

We think this argument is improper and was prejudicial to the rights of defendant who was accused of a crime most difficult to defend against. The court in over-ruling the objection to such argument accentuated the error. It is argued in the brief of the state that such argument was invited and merely retaliatory, but the bill of exceptions affords no basis for this contention. The District Attorney—being somewhat over-zealous in this particular instance—said in effect: "If the state could only introduce what evidence it has on this defendant, the jury would have no trouble in arriving at a verdict of guilty." The law condemns injecting into arguments to juries extrinsic and prejudicial mat-

ter which has no basis in the evidence. If the court had sustained the objection of counsel for the defendant to this argument and instructed the jury to disregard the same, a different question would be presented.

The judgment is reversed and the cause remanded for a new trial.

---

BRAND, J. (dissenting).

While the argument of the district attorney as quoted in the majority opinion may have been improper, it did not in my opinion constitute reversible error.

Our statutes provide:

"After hearing the appeal the court must give judgment, without regard * * * to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." O. C. L. A. § 26-1325.

Again it is provided:

"Neither a departure from the form or mode prescribed by this Code, in respect to any pleadings or proceedings, nor any error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right." O. C. L. A. § 26-1401.
The Code of Civil Procedure provides:

"Upon an appeal from a judgment, the same * * * shall only be reversed or modified for errors substantially affecting the rights of the appellant * * *." O. C. L. A. § 10-810.

This provision has also once been held to apply to criminal cases:

"Section 556, Or. L., enjoins us to look for errors substantially affecting the rights of the appellant, and prohibits us from disposing of cases on mere

technical errors. While the regularity of the proceedings was departed from, no substantial right of the defendant was invaded; hence no reversible error occurred." (Section 556, Or. L., now O. C. L. A. § 10-810.) *State v. Moore,* 124 Or. 61, 262 P. 859.

Without invoking the controversial provisions of Article VII, Section 3, of the Oregon Constitution, it seems clear to me that the Legislature has repeatedly charged the courts to disregard errors not affecting the substantial rights of the defendant. This court has followed the legislative mandate in many decisions which are cited in the Code under the statutory provisions above quoted.

In view of the testimony I think the prosecutor was within his rights in arguing to the jury that the defendant was able, as well as ready and willing, to perform the act charged.

The second portion of the argument to which exception is taken presents a more serious question. In his argument the prosecutor correctly said that the state can present only legal testimony. He added:

" * * * And out of all of the facts in the District Attorney's office that we may have, we can only present such evidence as is admissible."

His statement was general. It related "to *these* cases." There is no assertion that his office had facts in *this* case. Concerning *these* cases, he refers to facts that he *may* have and correctly states that out of such facts he can present only such evidence as is admissible. Every juror knows that inadmissible evidence cannot be presented. If the prosecutor's statement implies that there were facts in his office relative to this case, it also implies that such evidence was inadmissible if it was

not offered. The net effect of the argument, stated at its worst, is that he hinted that there was inadmissible evidence concerning the case which could not be used.

If we are to consider such a hint as prejudicial error affecting a substantial right, we must assume (1) that the jury inferred that the inadmissible evidence was relevant (though its inadmissibility might have been due to its irrelevance); and (2) that the inadmissible evidence was adverse to the defendant and that the jury would or might be influenced by it although informed that it was inadmissible. (3) We must assume that the jury might be influenced by the statement though they did not know to what evidence the district attorney referred.

An offer of improper evidence made in the presence of the jury informs them of the specific facts which the proponent desires to prove, yet ordinarily the mere offer of improper. evidence is not reversible error. *State v. Humphries,* 350 Mo. 938, 169 S. W. (2d) 350. In this case there was no offer of improper evidence but only a hint that there might be improper evidence

which might be adverse to the defendant.

The loyalty and devotion which is accorded to the jury system by bench and bar is based upon the general belief that the jury is composed of intelligent persons who will not violate their oaths as jurors. To reverse a judgment by reason of the presumed effect upon the jury of the prosecutor's argument in this case constitutes to my mind a challenge to that general belief.