Argued January 9, reversed and remanded January 31, 1962

STATE OF OREGON *v.* WEDERSKI

368 P. 2d 393

*Duane R. Ertsgaard,* Salem, argued the cause and filed a brief for appellant.

*Gary D. Gortmaker,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is an appeal from a conviction of burglary (ORS 164.240).

■ There are three assignments of error. The first challenges the receipt in evidence of a cigarette lighter stolen in the burglary and found on the person of the defendant the following day. The exhibit was properly identified. The weight and value of the evidence concerning the exhibit were for the jury to determine. There was no error in receiving the exhibit.

■ The second assignment asserts that the testimony of an accomplice was not corroborated as required by ORS 136.550. The state accused four men of the burglary of a small business office. Three pleaded guilty. The burglars stole numerous articles, including some 100 blank checks and a check protector. Several checks were forged and an abortive attempt was made to negotiate one or two. This episode apparently led to the capture of the quartet. Cf. *State v. Gardner,* 225 Or 376, 358 P2d 557. Richard Mineo,

one of the confessed burglars, testified against the defendant.

As we have seen, the fact that certain fruits of the crime were found on the person of the defendant was properly before the jury. Therefore, the testimony of the accomplice was corroborated. *State v. Brake,* 99 Or 310, 195 P 583; *State v. Broadhurst,* 184 Or 178, 229, 196 P2d 407. There was other corroboration, including a signed statement by the defendant which admitted his close association with the others immediately before and after the crime. *State v. O'Donnell,* 74 Adv Sh 3, 229 Or 487, 367 P2d 445. The assignment is without merit.

■ The third assignment of error presents a different kind of question. The state virtually confesses that the deputy district attorney improperly answered the defendant's argument to the jury in two particulars which we will notice shortly. The question is whether the denial of a timely motion for a mistrial was such an abuse of discretion as to require reversal. We hold that it was.

During the defendant's portion of the final argument, his then attorney made the following statement:

"Now, Richard Mineo, whom we have already talked about, further testified and counsel for the State made comment on this, that these checks that he took, these checks and that they were then written on by the defendant. We have not had the benefit of any testimony of any technical or expert testimony upon which would associate the handwriting of the defendant or the handwriting on these instruments. The checks were offered into evidence and were admitted, of course. We would maintain that they were admitted on the basis that they were relevant as to what was taken from that institution out there. Testimony pretty well

establishes they were taken, but we have not had the direct association between the defendant and the handwriting on those checks."

In response, the deputy district attorney said to the jury:

"Mr. Mineo says they all went over there; three of them went in. Mr. Wederski was one of them, came around and opened the door and he went through. The check writing machine was used. We have some checks that were written on the check writing machine and Mr. Mineo says Wederski wrote out the part that was handwritten in ink. As to why we don't have a handwriting expert used in the trial, Mr. Miller did bring that up, and it requires some comment I am sure.

"You know that there are certain rules of evidence and certain requirements before we can use an expert witness. Mr. Clair Alderson, if any of you are familiar, sat through the entire trial and the right situation didn't present itself so that we could get his testimony on. You recall there was no denial by Mr. Wederski that that was his handwriting or perhaps we might have used our expert witness."

The defendant promptly moved for a mistrial on the ground that the state had improperly (1) invited the jury to consider what a state's witness might have testified had he been called, and (2) at least indirectly commented upon the defendant's failure to take the stand. The trial judge denied the motion, saying he would cure the errors in his instructions. Had he done so, the presumably harmful effect of the district attorney's remarks might have been removed and the denial of the motion for a mistrial might well have been within the permissible limits of discretion. The instructions, however, failed to caution the jury that they could not consider the presence in the courtroom

of silent witnesses in aid of the state's case. Neither did the court instruct the jury that the defendant had no duty to prove or disprove anything; that his plea of not guilty denied everything; and that the jury could draw no inferences from the defendant's failure to contradict any evidence in the case. As the court failed to admonish the jury to disregard the improper argument of the district attorney, the case went to the jury with the prejudicial statements approved, so far as the jury knew, by the court's silence.

The state relies upon the record in gross, which, it claims, establishes the guilt of the defendant. We are urged, therefore, to affirm the judgment under ORS 138.230 and Article VII, § 3, Oregon Constitution, as we are required to do in cases where the record is conclusive of guilt and the errors are inconsequential. See, e.g., *State v. Clark,* 72 Adv Sh 1161, 1163, 327 Or 391, 362 P2d 335, 336; *State of Oregon v. Cahill,* 208 Or 538, 576, 582, 293 P2d 169, 298 P2d 214, and cases cited therein.

The difficulty with the state's argument in the case at bar is that acceding to it would lead only to erosion of the rights of defendants in other criminal trials. The state has brought its present inconvenience upon itself. In cases where, under the mandate of the constitution, nonprejudicial error has been disregarded, we do not find the same kind of erroneous ruling that we find in the case at bar. Harmless error is usually of interest only to lawyers, and it is highly unlikely to mislead the jury. The error in the case at bar was not harmless error.

The state's reference to evidence it might have produced, but did not, was an open invitation for the jury to speculate in a manner which has been denounced by this court on several occasions. *State v.*

*Newburn,* 178 Or 238, 166 P2d 470; and see *State v. Pace,* 187 Or 498, 510, 212 P2d 755. The state's reference to the defendant's failure to deny the forgeries, innocently though it may have been intended, could not have gone unnoticed by a jury which had waited in vain through two days of trial for the defendant to take the stand so they could hear what he had to say about the case. Article I, § 12, of the Oregon Constitution guarantees the privilege of the defendant to remain silent. The privilege is meaningless if the state may refer to the defendant's silence with impunity. Cf. *State v. Black,* 150 Or 269, 286, 42 P2d 171, 44 P2d 162.

If the only way defendants can be assured fair trials is for appellate courts to reverse an occasional judgment in the face of what well may be overwhelming evidence of guilt, then that is the course we must take. Any other course would encourage the wholesale destruction of the rights of accused persons. While the excessive zeal of the state's counsel in the case at bar did not involve calculated misconduct, and we imply no censure, it is well to remember that in the prosecution of a criminal action the state must stay within the boundaries which experience has proven are necessary to preserve a fair trial for the guilty as well as for the innocent. See *State v. Rollo,* 221 Or 428, 438, 351 P2d 422. It is therefore necessary to order a new trial.

Reversed and remanded.