Argued August 23, affirmed September 14, petition for rehearing denied October 18, petition for review denied November 27, 1973

## STATE OF OREGON, *Respondent, v.* FLOYD DEAN BELL (No. 9515), *Appellant.*

514 P2d 62

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Gary S. Thompson,* District Attorney, Prineville, argued the cause and filed the brief for respondent.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

■ Defendant appeals from his court conviction of second degree (statutory) rape. ORS 163.365.① The

---

① ORS 163.365 provides:

"(1) A male who has sexual intercourse with a female commits the crime of rape in the second degree if:

"(a) The female is incapable of consent by reason of mental defect, mental incapacitation or physical helplessness; or

"(b) The female is under 14 years of age.

"(2) Rape in the second degree is a Class B felony."

The indictment under which defendant was tried stated the crime charged was second degree rape, ORS 163.365. However, the indictment alleges that the crime occurred on October 26, 1971. ORS 163.365 was not in effect until January 1, 1972. ORS 161.035. However, the conduct charged in the indictment was a crime under the law in effect at that time. Former ORS 163.210. The

only assignment of error relates to a sustained objection to a line of questions defense counsel asked the prosecutrix. (In his brief defendant states that the court erred in "overruling" the objection, but the court sustained the objection and it is obviously because it was sustained that the defendant claims an error was committed.)

Prosecutrix was a 12-year-old girl who reported two months after the event of having had sexual intercourse forced upon her by the defendant. The defendant denied the allegations of the prosecutrix, and as the defendant says in his brief, it was a "close swearing match" between them. The court after hearing the evidence stated that it had a reluctance of finding a man guilty of rape in such a situation and that if the defendant had simply denied the allegations of the prosecutrix he would probably have found him not guilty. But defendant had testified in considerable detail to "messing around" with the girl. The court said:

> "But that [a simple denial] isn't what you did. You testified of the full opportunity[,] of language that was reprehensible in the presence of a twelve-year-old child. I have no reason to believe your testimony at all, Mr. Bell. I have every reason to believe the testimony of the young prosecutrix * * * ."

fact that the indictment title listed a statute other than the one which prohibited the conduct described does not render the indictment invalid. State v. Elkins et al, 216 Or 509, 512, 339 P2d 715 (1959). Former ORS 163.210 contains the additional element that the male must be over 16 years of age. But this need not be stated in the indictment, State v. Nesmith, 136 Or 593, 595, 300 P 356 (1931); State v. Knighten, 39 Or 63, 64 P 866, 87 Am St R 647 (1901); and there was adequate proof that defendant was over 16 (he testified that his son was 14 at this time).

The basis for the assignment of error was the substance of the following answers and questions:

"A [PROSECUTRIX:] I told you it was my first time and I wouldn't know.

"* * * * * *

"Q [DEFENSE COUNSEL:] First time. Well, what about that thirty-year-old man?

"A What thirty-year-old man?

"Q The one before Mr. Bell.

"A What?

"MR. THOMPSON [PROSECUTOR]: Your Honor, I object. This is going —

"THE COURT: Sustained.

"Previous chaste character or lack thereof has nothing to do with this case, Mr. Powers.

"MR. POWERS: Yes, your Honor."

Defendant relies upon *State v. Nab,* 245 Or 454, 421 P2d 388 (1966), and *State of Oregon v. Goguen,* 196 Or 586, 250 P2d 924 (1952). In *Nab* the court said:

"The general rule is that in prosecutions for statutory rape, consent not being an issue, evidence of prior intercourse with others than the defendant is inadmissible: *State v. Morrow,* 158 Or 412, 434, 75 P2d 737, 76 P2d 971; *State v. McKiel,* 122 Or 504, 510, 259 P 917; *State v. Haynes,* 116 Or 635, 639, 242 P 603; Annotation, 140 ALR 364, 365. As an exception to this rule, however, it is held that where, as here, medical testimony shows that the prosecutrix had a ruptured hymen, probably due to sexual intercourse, it is competent for the defendant to show that she had had sexual relations with others, since the jury might find from such proof that her physical condition had been caused by some other person: *State v. Newburn,* 178 Or 238, 240, 166 P2d 470; *State v. Haynes,* supra, 116 Or at 640. See, also, *State v. Goguen,* 196 Or 586, 589-590, 250 P2d 924 * * *." 245 Or at 458.

The case is not in point with the case at bar because at bar there was no medical evidence of a ruptured hymen.

The context of the line of questions to which the objection was sustained makes it appear that defense counsel was trying to attack the credibility of the prosecutrix by alluding to some prior inconsistent statement of hers to the effect that she previously had had intercourse with a 30-year-old man. We do not pass upon the question of whether such a prior inconsistent statement was admissible in this situation because in any event when defendant testified later he said the prosecutrix had made such a statement to him. No objection was made to that testimony.

■■ The defendant's attempt to introduce the prior inconsistent statement was vulnerable to objection because, regardless of the relevancy of the subject matter, no foundation was laid for the questions asked. In *State v. Newburn,* 178 Or 238, 240, 166 P2d 470 (1946), the court said:

> "* * * We are concerned here with the admissibility of an alleged oral declaration made by the prosecutrix to a third person *when no proper foundation for impeachment had been laid. State v. Haynes,* [116 Or 635, 242 P 603 (1926)]; 44 Am Jur. 944, § 72; Underhill's Crim. Ev. (4th ed.) § 425. As stated in 52 C.J. 1063, § 88: 'Statements made by the prosecutrix, not part of the res gestae, are not admissible in behalf of defendant, except to impeach the testimony of the prosecutrix, *upon the proper foundation being laid.'* * * *." (Emphasis supplied.)

In the case at bar, if the defendant sought to attack the prosecutrix's credibility by introducing the prior inconsistent statement, he should have first laid the

foundation by asking the prosecutrix if she had made a statement to defendant that she previously had had intercourse with a 30-year-old man.

■ ■ The question objected to was nothing more than an attempt by defense counsel to inquire further into a statement allegedly made by the witness to the defendant and repeated by him before trial to his attorney. The trial court has considerable discretion in limiting the scope of defense counsel's inquiry. *See Alford v. United States,* 282 US 687, 694, 51 S Ct 218, 75 L Ed 624 (1931) ; *State v. Nab,* supra, 245 Or at 460 ; Annotation, 75 ALR2d 508, 520 (1961) ; McCormick, Evidence 57, 59, § 29 (hornbook series, 2d ed 1972). This discretion, in view of the holding in *Nab* that evidence of other sexual intercourse is generally inadmissible in a statutory rape case, is sufficient in itself to support the court's ruling.

Affirmed.