Submitted on record and briefs September 9, 1991, reversed and remanded for new trial April 22, 1992

STATE OF OREGON,
*Respondent,*

*v.*

CAROLYN INEZ MULLENBURG,
*Appellant.*

(90CR0430TM; CA A67429)

829 P2d 98

David E. Groom, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals her conviction by a jury for driving under the influence of intoxicants (DUII). ORS 813.010. She assigns as error the trial court's denial of her motion for a mistrial based on statements made by the prosecutor during opening argument. We reverse and remand for a new trial.

■    In opening arguments the prosecutor said:

"The [arresting] officer will tell you that he tried to make a tape recording. And there is a tape recording, but there is only one voice on it and that's [the officer's]. Because while the tape recording was on, [defendant] refused to say anything."

Defendant's counsel made a timely motion for a mistrial, arguing that the prosecutor's remarks were an improper comment on defendant's exercise of her right to remain silent. The prosecutor argued that

"defendant made it very clear that she did not want her voice to appear on the tape recording. And I think I am entitled to comment on that * * * I think that's analogous to a field sobriety test."

However, when asked by the court, the prosecutor consulted with the arresting officer and had to admit that defendant did *not* say she did not want to be on tape. Defendant simply refused to answer the officer's questions. Defense counsel acknowledged that the state could introduce a refusal to perform field sobriety tests, but argued that defendant's refusal to answer questions was not analogous. The court agreed, because there was no indication whatsoever as to defendant's motive for refusing to answer the officer's questions, and that the prosecutor was

"asking the jury to guess that the reason was that she didn't want her voice to be on a tape, presumably because she was slurring her speech or something * * *."

■ ■    At the time that the officer turned on the tape recording, defendant had already performed field sobriety tests and had been arrested. She had been advised that she had a right to remain silent and was then asked to answer the officer's questions on tape. The questions were not part of a field sobriety test, and the state was not entitled to defendant's "performance" or to use her refusal to speak against

her. A defendant's reason for exercising her right to remain silent is irrelevant. The state is not entitled to comment on or use that silence against a defendant. The trial court ruled that the prosecutor's statement was an improper comment on defendant's right to remain silent, but denied the motion for mistrial. Instead, it gave the jury a curative instruction:

"I want you to disregard any thought that defendant may not have spoken while the tape recording was being made. You are not to consider that as any evidence of her guilt, and you are not to consider it in any fashion in your deliberations either internally or externally by discussing it when you deliberate to reach your verdict."

In *State v. White*, 303 Or 333, 342, 736 P2d 552 (1987), the Supreme Court said:

"[I]nforming the jury that a defendant has exercised the right to remain silent is likely to prejudice the defendant's right to a fair trial * * * [and has] a 'presumably harmful effect.' * * * [That harmful effect] may be obviated by a proper instruction. * * * The dispositive question on this issue, therefore, is whether the purportedly curative instruction was sufficient to unring the bell." (Quoting *State v. Wederski*, 230 Or 57, 60, 368 P2d 393 (1962).) (Citations omitted.)

The prosecutor in *White* commented on the defendant's refusal to testify at a co-defendant's trial, and the court held this following curative instruction inadequate:

"I have ruled that that matter is not relevant in this case. You will not be hearing any evidence about that, and that there are any number of reasons why that may have occurred would have nothing to do with any that is probative of the evidence in this case. So in no way are you to take that into account or in any way to discuss or consider what Mr. Barnes has said in regard to that. It's not evidence in this case. It's not to be taken by you as any evidence of the case or have any place in this case."

As in *White*, the curative instruction here did not and, in this case, probably could not, "unring the bell." In spite of the trial court's instruction, we cannot say that defendant was not harmed.

Reversed and remanded for a new trial.