Submitted April 28, affirmed August 26, 2015

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JULIE TRUEBLOOD JAY,**
*Defendant-Appellant.*

Washington County Circuit Court
D124413T; A154731

359 P3d 417

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

**FLYNN, J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. Defendant assigns error to the trial court's refusal to give a curative instruction regarding the prosecutor's opening remarks that—defendant contends on appeal—drew the jury's attention to defendant's invocation of her right to remain silent in violation of her rights under both the Oregon and United States constitutions. Defendant also assigns error to the trial court's denial of her motion *in limine* to exclude evidence that the arresting officer asked defendant questions about methamphetamine use, because defendant initially responded by invoking her right to silence. We conclude that the trial court correctly denied the motion *in limine* and that defendant did not preserve the argument she now makes regarding a curative instruction. We accordingly affirm.

After stopping defendant for traffic violations, Officer Smith became suspicious that defendant was driving under the influence of methamphetamine. On three occasions during the traffic stop, Smith asked defendant if she had used drugs that night. Each time, defendant explicitly asserted her constitutional right to remain silent, twice replying, "I do not have to answer that," and the third time replying, "I'm exercising my right to remain silent."

Before trial, defendant moved *in limine* to "exclude three statements that [defendant] made to the officers," specifically identifying the statements quoted above. The prosecutor conceded that the statements were inadmissible, and the trial court granted that motion.

The trial court and the parties also discussed other statements that defendant made later in the stop, after being taken into custody and read her *Miranda* rights. Those included the statements, "This was my last time, I won't do it again[,]" and, "Just give me a life lesson and let me take my car home, I've learned my lesson." Defendant did not object to admission of those later statements.

Defendant objected, however, that the prosecutor's opening statements described defendant's later statements in a way that suggested a false chronology—that defendant made her inculpatory statements immediately after Smith asked his questions about drug use. Defendant proposed a curative instruction on that point, but the trial court denied the request. Defendant assigns error to that ruling.

On appeal, defendant argues that the trial court erred in denying a curative instruction because the prosecutor's comment improperly "highlighted" defendant's initial silence when asked about methamphetamine use.[1] That is not the nature of the objection and need for curative instruction that defendant asserted at trial, however. The opening comment that prompted defendant's objection was the prosecutor's statement:

"Officer Smith asked her point-blank, 'Did you use meth?'

"Defendant responded, 'Just give me a life lesson and let me take my car home. I learned my lesson.'

"You may be thinking to yourself, if someone [inaudible] under the influence for driving under the influence of methamphetamine is told that and asked, 'Did you use meth?', the right answer would be 'no.'"

Defendant objected during the statement and, after opening statements, explained that her objection was to the "mischaracterization" of the chronology:

"I believe that it is inaccurate to portray that her answer was that.

"* * * * *

"That was not her answer. Her answer was, 'I'm exercising my right to remain silent.' She then just spontaneously asked that. So I believe that I am objecting to that as a mischaracterization of what the evidence—I believe the evidence is going to show, and that's not—we need to figure out a way to elicit that testimony * * * from Officer Smith in a way that actually is accurate of the conversation those two had."

---

[1] We do not address whether the prosecutor's opening statement is susceptible to that interpretation.

The trial court understood that defendant was objecting to the suggestion of a false chronology and responded:

> "I think the easy way to do that is just simply to say that [defendant] volunteered the statement, because it does infer that the answer was responsive to the question whether or not you used methamphetamine."

Defense counsel agreed with the court's proposal for handling the testimony but requested "some sort of" a curative instruction because "the way that it was phrased in opening was that that was her response, and that just was not her response." The trial court declined to fashion a specific curative instruction, concluding that defendant's concern would be addressed effectively by the general instruction that "opening statements and closing arguments of the lawyers are not evidence * * *."

Defendant does not argue on appeal that she was entitled to a specific curative instruction regarding the prosecutor's "mischaracterization" of the chronology, and she did not argue below that the opening statement warranted a curative instruction regarding her constitutional right to remain silent. Nor does defendant suggest that we should review for "plain error" the court's failure to give such an instruction *sua sponte*. We do not reach the unpreserved claim of error. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because 'it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error.'" (Quoting *State v. Tilden*, 252 Or App 581, 589, 288 P3d 567 (2012).)).

Defendant also assigns error to the "denial of her motion *in limine*." As set out above, the trial court *granted* defendant's pretrial motion *in limine* to exclude defendant's "statements." Defendant argues, however, that she "clarified" her motion *in limine* during the colloquy following the opening statements and that the trial court erroneously denied that expanded motion. After a detailed discussion with the judge about how the prosecutor should elicit Smith's testimony to avoid either suggesting a false chronology or

disclosing defendant's initial statements invoking her right to silence, defendant argued that the evidence of Smith's questions should also be excluded:

"I just don't even think that they can—if the State asks, Did you ask [defendant] if she had [used] methamphetamine? Yes. And I just think * * * it's going to be too difficult to differentiate for the jury that she—that statement was unrelated to it. * * * Her response to it is inadmissible, to all three times the question was asked. * * * And so I just don't even know how the question even comes in, because it leaves too much for the jury to speculate on."

The state responded that the officer's question provided relevant context for defendant's later, voluntary statements because it shows that those statements were made after having been "repeatedly confronted with the officer's suspicion about methamphetamine."

The court ruled:

"I understand your objection clearly. And I'm concerned about that statement in isolation, in the awkward way in which I'm allowing the State to introduce the statement.

"But from my perspective * * * I think that the officer needs to be able to say, and the State has a right to say that the officer at that point in the investigation believed that the controlled substance was methamphetamine. * * * [T]he state needs to be able to demonstrate that the officer at that point believed that, and the way they demonstrate that is by * * * introducing the officer's statement that [she] asked [defendant] whether or not she was under the influence of methamphetamine.

"Now, having said that, because the next statements are redacted by the Court as an invocation, as long as it's made clear to the jury that the next statement that's admissible, that volunteered statement, was clearly a volunteered statement, I don't think that it's unduly prejudicial."

That is the ruling defendant challenges as a denial of her motion *in limine*.[2]

---

[2] We consider this assignment of error adequately preserved because it appears the trial court understood that defendant believed evidence of the officer's questions should be inadmissible under the same law that made defendant's silence inadmissible.

Defendant correctly emphasizes that both the Oregon Constitution and the United States Constitution preclude a prosecutor from drawing the jury's attention to a defendant's exercise of the right to remain silent. *State v. White*, 303 Or 333, 340-41, 736 P2d 552 (1987) (citing *State v. Wederski*, 230 Or 57, 61-62, 368 P2d 393 (1962) (stating rule under Article I, section 12, of the Oregon Constitution) and *Griffin v. California*, 380 US 609, 615, 85 S Ct 1229, 14 L Ed 2d 106 (1965) (stating same rule under United States Constitution)). "Whether a prosecutor improperly comments on a defendant's right to remain silent is a question of law that we review for legal error." *State v. Reineke*, 266 Or App 299, 307, 337 P3d 941 (2014) (citation omitted).[3]

Defendant relies on our decision in *State v. Ragland*, 210 Or App 182, 149 P3d 1254 (2006), to argue that the trial court should have granted her "clarified" motion *in limine*. In *Ragland*, during an investigation for DUII, the defendant invoked her right to counsel, which also implicated her right to remain silent. 210 Or App at 184, 187. On direct examination, the defendant testified that she had consumed beer in an area off the highway, left some beer in the woods, and then returned to the car to sleep, which is where the investigating officer found her. *Id.* at 184. During cross-examination of the defendant, the prosecutor emphasized that the defendant failed to tell those details to the investigating officer. *Id.* at 185. Defense counsel repeatedly objected to that line of questioning on Fifth Amendment grounds, and the trial court overruled the objections. *Id.* at 185-86. Finally, during closing argument, the prosecutor stated:

> "'Wouldn't a reasonable person, if there was an alternative explanation for what was going on that night, *especially after you were told you were being arrested* for Driving Under the Influence of Intoxicants, say, "Hey, there's also some beer about 30 feet over there. If you go look, that's what I've been drinking."'"

---

[3] With respect to a prosecutor's comments on defendant's invocation of the right to silence, the analysis under the state and federal constitutions appears identical, and defendant does not argue otherwise. *See State v. Larson*, 325 Or 15, 22-23, 933 P2d 958 (1997) (applying similar principles under the state and federal constitutions to conclude that the prosecutor's comment on defendants failure to testify was improper).

*Id.* at 186 (emphasis in *Ragland*). The defendant objected, and the trial court overruled the objection. *Id.*

We reversed because, "by posing questions about why defendant had not told the officer certain information[,] 'especially after you were told you were being arrested,' the prosecutor indirectly commented on defendant's post-invocation silence and invited the jury to draw prejudicial inferences from that silence." *Id.* at 187-88. Defendant argues that here, as in *Ragland,* telling the jury that Smith questioned defendant about methamphetamine use indirectly told the jury that defendant refused to answer those questions.

In *Ragland,* however, we emphasized that "the prosecutor's comment on defendant's silence was not merely incidental. Rather, the reference to defendant's post-invocation silence—and the concomitant invitation to draw a prejudicial inference from that silence—were the striking points of the prosecutor's credibility attack on defendant's account at trial." *Id.* at 191. We contrasted the prosecutor's questioning and comments regarding the defendant's "silence" in *Ragland* with other cases in which a prosecutor commented upon what a defendant "said" after receiving *Miranda* warnings. *Id.* at 190 (citing *State v. Attebery*, 39 Or App 141, 591 P2d 409, *rev den*, 286 Or 449 (1979); *State v. Pickett*, 37 Or App 239, 586 P2d 824 (1978)). Here, the state relies upon that same distinction and points out that the prosecutor proposed to elicit evidence as to what defendant said after receiving *Miranda* warnings, and not her invocation of silence.

We agree with the state. In *Attebery*, the defendant told investigating detectives that he had an alibi, but provided no details of the alibi. 39 Or App at 144. During trial, in order to suggest that the defendant's alibi was concocted later, the prosecutor commented on the defendant's failure to provide any detail about the alibi to the investigating officers. *Id.* at 146. We concluded the prosecutor made the comment for a legitimate purpose—to provide context for the defendant's suggestion that he had provided an alibi from the outset—and that the comment emphasized what the defendant said when he talked rather than an exercise of

the constitutional privilege not to talk. *Id.* at 147. Here, as in *Attebery,* the state proposed to describe Smith's questions about methamphetamine use as a way to provide context for what defendant said when she decided to talk.

Moreover, we have held that even a prosecutor's reference to a defendant's exercise of the constitutional right to remain silent does not necessarily deny a fair trial if the context is "such that the jury's attention is directed away from the adverse inference of guilt based on the invocation." *State v. Veatch,* 223 Or App 444, 456, 196 P3d 45 (2008); *see also State v. Smallwood,* 277 Or 503, 505-06, 561 P2d 600, *cert den,* 434 US 849 (1977) ("There is no doubt that it is usually reversible error to admit evidence of the exercise by a defendant of the rights which the constitution gives him if it is done in a context whereupon inferences prejudicial to the defendant are likely to be drawn by the jury."). The trial court correctly concluded that the evidence had relevance apart from suggesting an inference of guilt and could be presented without drawing the jury's attention to an adverse inference that defendant initially asserted her right to remain silent. *See Veatch,* 223 Or App at 456; *Attebery,* 39 Or App at 147. The court did not err in denying defendant's motion and admitting the statements for that purpose.

Nevertheless, by denying her motion *in limine,* defendant argues, the trial court allowed the prosecutor to highlight defendant's silence in ways that prejudiced her right to a fair trial. Specifically, defendant identifies the prosecutor's rebuttal examination of Smith and a comment during closing argument that, even if unintended, could be interpreted as commenting on defendant's initial silence—as opposed to simply describing the context for defendant's later voluntary statements. Defendant did not separately object to either the rebuttal examination or the closing argument, however, and assigns error only to the denial of her motion *in limine.* That procedural posture frames our inquiry, and "the scope of the record on review is limited to the record before the trial court when it made the challenged ruling." *State v. Beauvais,* 357 Or 524, 532, 354 P3d 680 (2015) (citations omitted). At the point when the trial court made the ruling that defendant challenges here, defendant had objected to evidence of the three statements defendant made when

she asserted her right to silence and to evidence that Smith asked defendant if she was under the influence of methamphetamine. The court's rulings as to that evidence were not in error. To the extent defendant now challenges comments during trial as independently objectionable or beyond the scope of the motion *in limine* ruling, that challenge is not preserved. *See State v. Williams*, 322 Or 620, 630 n 14, 912 P2d 364 (1996) ("On review, defendant may not expand the scope of his objection at trial to make it apply to another portion of the prosecutor's argument.").

Affirmed.