No. 705                October 2, 2024                357

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALANNA NICOLE PARTIN,
*Defendant-Appellant.*

Linn County Circuit Court
19CR29418, 19CR06717, 19CR32073;
A178761 (Control), A178762, A178763

Rachel Kittson-MaQatish, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the briefs for respondent.

Alanna Nicole Partin filed the supplemental brief *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

In Case No. 19CR32073, conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 19CR29418, affirmed. In Case No. 19CR06717, affirmed.

**HELLMAN, J.**

In three criminal cases that were consolidated for trial, a jury found defendant guilty of various offenses, including resisting arrest, ORS 162.315(1), fleeing or attempting to elude a police officer, ORS 811.540(1), criminal driving while suspended, ORS 811.182(1), and failure to appear on a criminal citation, ORS 133.076(1). On appeal, defendant raises two assignments of error. First, she argues that the trial court plainly erred when it failed to provide a jury instruction on a culpable mental state with respect to an element of the crime of resisting arrest. Second, she argues that the trial court erred in denying her motion for a mistrial because the prosecutor referred to a redacted video during the state's closing argument. For the reasons explained below, we reverse defendant's conviction for resisting arrest and otherwise affirm.

*Jury Instructions.* In her first assignment of error, defendant challenges her conviction for resisting arrest. Defendant argues that the trial court plainly erred when it failed to instruct the jury that it had to find that she had at least a criminally negligent mental state with respect to the "substantial risk of physical injury" element in ORS 162.315(2)(c). Defendant argues that the error was not harmless, and that we should exercise our discretion to correct it. The state concedes that the trial court plainly erred. The state also concedes that the error was not harmless, because the trial court did not instruct the jury on the definition of the term "resists," as defined in ORS 162.315(2)(c).

We accept the state's concession as well taken. A person commits the crime of resisting arrest when the person "intentionally resists a person known by the person to be a peace officer or parole and probation officer in making an arrest." ORS 162.315(1). "'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person ***." ORS 162.315(2)(c). In *State v. Tow*, 321 Or App 294, 298, 515 P3d 936 (2022), we held that "the trial court plainly erred when it did not instruct the jury that it had to find that defendant acted with a culpable mental state with

respect to 'the substantial risk of physical injury' element in ORS 162.315(2)(c)."

Here, the trial court not only failed to instruct the jury on a culpable mental state, but it also failed to instruct the jury on the meaning of "resists." Without that definition, or an instruction that the jury had to find that defendant acted with a culpable mental state with respect to the substantial risk of physical injury element, the jury likely misunderstood the elements that the state was required to prove. *See State v. Moravek*, 297 Or App 763, 771, 444 P3d 521, *rev den*, 365 Or 533 (2019) ("Instructional error exists where the instructions give the jury an incomplete and thus inaccurate legal rule to apply to the facts. Accordingly, a trial court must instruct the jury on all material elements of the charged crime, and failure to do so is plain error." (Internal quotation marks and citations omitted.)).

We further conclude that the error is not harmless. *See State v. McKinney/Shiffer*, 369 Or 325, 335, 505 P3d 946 (2022) (stating that an instructional error is prejudical "if the absence of the jury instruction probably created an erroneous impression of the law in the minds of the jury and if that erroneous impression may have affected the outcome of the case" (internal quotation marks and citation omitted)). In this case, defendant's conduct consisted of shouting or yelling at a state trooper, threatening to kick him, and, when the trooper tried to grab her, yanking her hand away and holding it behind her back in a closed fist. The trooper unholstered his Taser and told defendant that he would use it if she did not comply. After that warning, defendant allowed the trooper to handcuff her. If the jury had been properly instructed, it might not have been persuaded that defendant's conduct created a substantial risk of physical injury, or that defendant's failure to be aware of the risk constituted a gross deviation from the standard of care that a reasonable person would observe. Therefore, the error was not harmless.

Even when a trial court commits plain error, we must decide whether to exercise our discretion to correct it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Factors that a court may consider include

"the competing interests of the parties; the nature of the case; the gravity of the error; [and] the ends of justice in the particular case[.]" *Id.* at 382 n 6. Here, the state concedes that the error is not harmless, which means we have discretion to correct it, and, because the degree of harm is not low, the gravity of the error weighs in favor of exercising our discretion. In addition, "there are no 'competing interests of the parties' when one of the parties concedes an error." *State v. Jones*, 129 Or App 413, 416, 879 P2d 881 (1994). Furthermore, "the ends of justice will not be satisfied by a refusal to correct what everyone involved acknowledges to be error." *Id.* at 416-17. Therefore, we exercise our discretion to correct the trial court's plain error and reverse defendant's conviction for resisting arrest.

*Motion for a Mistrial.* In her second assignment of error, defendant argues that the trial court erred in denying her motion for a mistrial. We review the denial of that motion for abuse of discretion. *State v. Soprych*, 318 Or App 306, 307, 507 P3d 276 (2022). Under the abuse of discretion standard, we consider whether the trial court's decision was within a range of legally correct choices and whether it produced a permissible and legally correct outcome. *State v. Worth*, 231 Or App 69, 74, 218 P3d 166 (2009). If improper comments deny a defendant a fair trial, the court abuses its discretion in denying the defendant's motion for a mistrial. *Id.* at 74-75.

Here, during defendant's consolidated criminal trial, the jury watched body camera footage of one of defendant's arrests. The court stated that it would instruct the jury on modified evidence because the video was "very chopped up."[1] During closing arguments, the prosecutor pointed out to the jury that the video "looks like it's jumping around." The prosecutor explained that the jury would

---

[1] Uniform Criminal Jury Instruction 1006B provides:

"During the trial, the court may [receive / have received] evidence in a modified form. This evidence may have been edited because it contained irrelevant or otherwise inadmissible material. If you notice or suspect that evidence has been modified, you are not to speculate about the substance of what may have been removed or modified or why it was modified. You should not consider evidence to be of greater or lesser evidentiary value based solely on the fact that it has been modified."

receive an instruction on modified evidence, and he read the instruction to the jury. The prosecutor then stated:

> "The fact of the matter is sometimes not all evidence is admissible and the court will not allow that in so we will cut things out that are not admissible. You're not to consider what those are, however, I do need to address it because of course you're going to see this video bouncing around ***."

Defendant requested a sidebar. When the prosecutor resumed his closing argument, he made no further reference to modified evidence and discussed the charges against defendant.

Immediately after closing arguments, defendant moved for a mistrial, arguing that it was improper for the prosecutor to suggest that there was additional evidence that was inadmissible. Defense counsel argued that the jury may have understood the prosecutor to mean that "if the jury could see the whole video there may be additional incriminating evidence that's on the video." The prosecutor responded that his comment was about the modified evidence jury instruction, but he acknowledged that a curative instruction may be appropriate.

The trial court offered to give a curative instruction, but defense counsel declined. The trial court determined that the prosecutor was attempting to link the "chopped up" video to the jury instruction on modified evidence, and it noted that the prosecutor's references to inadmissible evidence was very brief, that the prosecutor moved on to another topic after the sidebar, and, so as not to draw further attention to the comment, the trial court agreed with defense counsel that it would not provide a curative instruction. The trial court ruled that the statement was not improper, and that defendant was not prejudiced by it.

We conclude that the trial court did not abuse its discretion in denying the motion for a mistrial. It is true that "a prosecutor may not make a statement to the jury that implies that additional evidence exists but cannot be presented because of 'our laws and rules of the court,' or the 'rules of evidence.'" *State v. Banks*, 367 Or 574, 585, 481 P3d 1275 (2021) (citing *State v. Newburn*, 178 Or 238, 241-42,

166 P2d 470 (1946) and *State v. Wederski*, 230 Or 57, 60-62, 368 P2d 393 (1962)). "Such a statement injects extrinsic and prejudicial matter into the trial and constitutes an open invitation for the jury to speculate." *Banks*, 367 Or at 585 (internal quotation marks and citations omitted).

But here, the prosecutor's brief reference to "cut[ting] things out that are not admissible" was not improper because the prosecutor was explaining how the modified evidence instruction applied to the edited body camera footage that the jury had viewed. That instruction provides that the jury should not speculate about "what may have been removed or modified or why it was modified," and the jury "should not consider evidence to be of greater or lesser evidentiary value based solely on the fact that it has been modified." UCrJI 1006B.

Unlike in *Banks*, 367 Or at 586, the prosecutor's statement did not suggest that he "was aware of 'things' and 'facts' that, because of the rules of evidence, would not be presented at trial." And unlike in *Newburn*, 178 Or at 241, the prosecutor's statement did not suggest that there were "facts in the District Attorney's office" that could not be presented at trial. Instead, the prosecutor referred to evidence that had been admitted—the edited body camera footage—and the prosecutor explained that the jury should *not* speculate about what had been removed or consider less of the evidence because it had been modified. The prosecutor's reference to "cut[ting] things out that are not admissible" did not rise to the level of suggesting "that the state had more evidence against defendant than would be presented at trial, thereby encouraging speculation[.]" *Banks*, 367 Or at 586-87.

In addition, the statement did not prejudice defendant. Unlike in *Banks*, where the prosecutor told the jury three times that there were "things" and "facts" that would not be presented at trial, *id.* at 590, here, the prosecutor made one brief reference to "cut[ting] things out that are not admissible." In both *Banks*, 367 Or at 590, and *Newburn*, 178 Or at 241, when defense counsel objected, the trial court overruled the objections, thereby accentuating the error. By contrast, here, defense counsel requested a sidebar and,

when the prosecutor resumed his closing argument, he immediately moved on to another topic. Although the trial court offered to provide a curative instruction, defense counsel reasonably concluded that it would draw more attention to the issue. And, unlike in *Banks*, 367 Or at 590, the jury did not submit any questions suggesting concerns about evidence that was not presented to the jury. We conclude that the prosecutor's statement did not prejudice defendant or deprive him of a fair trial. The trial court did not abuse its discretion in denying the motion for a mistrial. *See State v. Smith*, 310 Or 1, 24, 791 P2d 836 (1990) ("The question * * * is not whether this court would have granted a new trial to defendant, but whether the trial court abused its discretion in refusing to do so.").

For the first time on appeal, defendant argues that the trial court violated her federal constitutional right to due process when it failed to declare a mistrial. That argument was not preserved in the trial court, and defendant does not seek plain error review, so we do not address it. In addition, having considered the arguments in the *pro se* supplemental brief, we reject them without discussion.

In Case No. 19CR32073, conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 19CR29418, affirmed. In Case No. 19CR06717, affirmed.